Parker, C. J.
This is an application to the discretion of the Court to grant a certiorari, upon the suggestion that there is substantial error in the proceedings in the court below, for which cause they ought to be quashed.
The Court, before granting a certiorari, will always look into the record, and even into the circumstances attending [ *418 ] *the process; because, when the record is actually returned in obedience to the writ of certiorari, they are bound to quash the whole proceedings, if error should appear And this may in many cases prejudice one party, to the benefit of another, who may have suffered no material injury, but is desirous to avoid a judgment, which may have equitably settled a controversy, although it may be defective in some legal requisite.
In the present case, there is no complaint of the want of a full hearing and fair trial, either at the bar or before the jury. But the defect suggested is, that there has been a discontinuance of the process, inasmuch as one or two terms intervened between the verdict on the issue tried at the bar of the Court of Common Pleas and the warrant issued to the sheriff to summon a jury to estimate the damages, no continuance of the action having been entered in the mean while.
It so appears by the docket; but we think that, under the usual general order which is passed at the close of each term, that all matters not acted Upon are continued, the clerk might and ought to have brought forward the process on his docket for each succeeding term, until the final order for a warrant was passed, and the warrant and the proceedings under it were returned and recorded. And as he ought to have done it then, we see no reason why it may not still, by the direction of the Court of Common Pleas, be so brought forward. It is a mere misprision of the clerk, which the Court is bound to correct.
As to the complaint of excessive costs, taken by the sheriff for executing his precept, this is no ground for a certiorari. It must be presumed to be right, since the cour| which had cognizance of the process have sanctioned it; and we should not for this cause quash *379 the proceedings were they before us. The complainants can take nothing by their application, (a)

 Adams, Petitioner, &c. 4 Pick. 25. — Ex Parte Miller, 4 Mass. Rep. 565. — Lees vs. Child, 17 Mass. Rep. 351.