### HALLENBECK & MILLER *vs.* GARNER.

Under the statute authorizing *summary proceedings* against a person holding over and continuing in possession of real estate sold by virtue of an execution against him, proceedings may be had against the *servant* or *agent* of the debtor, or against a *third person* who has entered into possession under title derived from the debtor *subsequent* to the attaching of the lien of the judgment under which the property was sold.

To justify a warrant against such third person, the fact that he entered under title so *subsequently* acquired, must be distinctly alleged, or the conviction will be quashed.

CERTIORARI to remove proceedings had before the recorder of Hudson under 2 *R. S.* 512, § 28, *sub.* 4. Garner, on the 2d March, 1836, made affidavit before the recorder that a farm of

53 acres in Hillsdale, Columbia county, was on the 15th May, 1834, sold by the sheriff of that county on several executions against George Nooney, and purchased by John Nooney ; that John assigned his interest under the sale and certificate to Garner, and the sheriff, on the 17th August, 1835, conveyed the property to Garner. The affidavit further stated, that at the time the judgments were entered of record, George Nooney, the debtor, was the owner in fee of the property, which was then in his possession, or in the possession of some person holding under him; that Hallenbeck, at the time of making the affidavit, was in possession of the lands and part of the dwelling house thereon ; and that Miller was in possession of the residue of the house, holding under Hallenbeck ; that Hallenbeck holds under one Lewis Haywood, and Haywood holds under some demise, lease, deed or contract, verbal or written, from George Nooney. A summons was issued by the recorder, requiring Hallenbeck and Miller to remove from the premises, or to show cause before the recorder, on the 7th March. No sufficient cause being shown, a warrant issued on the last mentioned day, and Hallenbeck and Miller were removed from the property, and Garner was put in possession. Hallenbeck and Miller sued out the *certiorari*.

*J. W. Edmonds*, for Hallenbeck and Miller.

*M. T. Reynolds*, for Garner.

*By the Court*, BRONSON, J. The statute authorizes a proceeding of this kind, " where any person shall hold over and continue in the possession of any real estate which shall have been sold by virtue of an execution *against such person*, after a title under such sale shall have been perfected." 2 *R. S.* 512, § 28, *sub.* 4. The applicant did not state facts enough in his affidavit to give the officer jurisdiction. Conceding that this remedy may be applied against one who comes into possession of the land under the judgment debtor, as well as against the judgment debtor him- self, *Birdsall* v. *Phillips*, 17 *Wendell*, 474, it can only be where

the third person holds as the mere *servant* or *agent* of the judgment debtor, or enters under title derived from him *subsequent* to the lien of the judgment under which the sale was made. Although the affidavit affirms that Hallenbeck and Miller hold under Haywood, and that Haywood holds under George Nooney, the judgment debtor, there is nothing whatever to show that Haywood's right to the possession is not paramount to that which Garner has acquired under the judgment. For aught that appears, Haywood may have entered, and so may Hallenbeck and Miller, long before the judgments were docketed. Although the affidavit states that Nooney was the owner in fee of the property at the time the judgments were entered of record, that fact is not inconsistent with the supposition that Hallenbeck and Miller, or Haywood their immediate landlord, were in possession long before, and now have an unexpired term in the land. In all cases of summary process, where the court or officer does not proceed according to the course of the common law, every fact necessary to give jurisdiction must be distinctly alleged, or the proceeding cannot be upheld. In this case the proceeding before the recorder should be quashed, and restitution ordered.

Ordered accordingly.