## SIMPSON *vs.* RHINELANDERS.

On a return to a *certiorari* to remove proceedings had by a *landlord* against his *tenant*, under the act authorizing *summary proceedings*, to obtain the possession of land for non-payment of rent, &c., this court will not look into the evidence to determine whether the verdict is supported by it ; the rule will be adhered to as laid down in *Birdsall* v. *Phillips*, 17 *Wendell*, 464.

The rule prevailing in England that on *summary convictions upon penal statutes*, the evidence must be stated, was not intended to be questioned in *Birdsall* v. *Phillips* : but the court hold that it does not apply to *orders* or *other adjudications*.

In a proceeding by a *landlord* against his *tenant*, the affidavit required by the statute, may be made by an *agent*, and if by it probable want of permission to hold over is shown, it is enough.

The affidavit in these cases should show a *right of re-entry* for non-payment of rent; where, however, it appeared that a lease containing a clause of re-entry was returned to the court as evidence exhibited on the trial, the court presumed that it was exhibited to the magistrate on his issuing the summons.

The affidavit cannot be regarded as evidence on the merits; it is as a plaint in a cause and stands for a declaration.

LANDLORD and tenant. Proceedings were instituted by the Messrs. Rhinelanders against Simpson, under the act authorizing *summary proceedings* to recover the possession of land in certain cases, 2 *R. S.* 512, *et seq.* before an assistant justice of the city of New-York, the complainants alleging that Simpson was their tenant of certain premises, and that he held over without their permission, after having made default in the payment of rent. The *affidavit* upon which the proceedings were instituted, was made by one E. G. Smith, who stated himself to be the *agent* of the landlords, and that Simpson was justly indebted to them in the sum of $1,653.50, due the first day of February, 1832, for rent of all that certain lot, &c., (describing the premises) as formerly possessed, &c., and as subsequently leased by the landlords to Simpson. He further stated that Simpson held over and continued in possession of the premises without permission of the landlords, after a default in the payment of the rent pursuant to the agreement under which the premises were let ; that satisfaction of the rent could not be obtained by distress

of any goods, and that he had made demand of the rent from Simpson personally. Upon receiving this affidavit the justice issued a summons to show cause, &c., upon which the tenant appeared and joined issue. The cause was tried by a jury, who found a verdict in favor of the landlords, and the justice issued a warrant to put the landlords into possession. The tenant sued out a *certiorari,* and upon the coming in of the return, the cause was submitted on written arguments by :

*H. M. Western,* for the tenant.

*W. L. Morris,* for the landlords.

*By the Court,* COWEN, J. The return states not only the affidavits, process, &c., but all the evidence on both sides, with the charge to the jury and even the summing up of counsel. We are accordingly appealed to, as is usual upon such returns to re-try the issue which has been passed upon by the jury under the direction of the justice. Certain results are insisted upon as established by the evidence, which is detailed in the order of the witnesses, as it would have been on a case for a new trial, because the verdict was against the weight of evidence. In analogy to the proceedings by certiorari, under the fifty dollar act, an affidavit was made stating the evidence, and on this the certiorari was allowed. It was served upon the justice who has returned specially to all its details, and annexed a copy of it to his return. Copies of the indenture of lease, with assignments, and accounts current are added *in hæc verba.*

Those parts which properly enter into the frame of the record in the court below, are, with the exception of the affidavit, admitted to be sufficient and regular. They alone are the proper subjects of a return, and therefore are all which we can legally notice, according to the case of *Birdsall,* v. *Phillips,* 17 *Wendell,* 464. I admit that this court is, in some measure, responsible for the extent of territory, which the present and like common law certioraris have for some time occupied, by the facility with which, in some few cases, where the objection was either not

Simpson v. Rhinelanders.

raised or slightly passed over, it yielded to the assumption of an analogy between them and the statute certiorari directed to justice's courts. A distinction was, however, established in *Birdsall* v. *Phillips*, after a good deal of consideration ; and must be adhered to. The practice as understood by the parties here, had become so inveterate, that we have several times been called upon to reconsider that case ; and have done so. The result is a perfect confidence that we were right both upon the English books and our own.

There is certainly one class of English authority, which we did not much consider in that case, and which without being also distinguished from it, may mislead. I allude to the cases which hold that in all summary convictions *upon penal statutes*, you must state the evidence. These cases are fully collated by the English treatises on penal convictions, and need not be particularly referred to. *Boscawen*, 68 *to* 108, tit. *Evidence*. *Nares*, 19 *to* 28. The result as given by Mr. Nares is, " It must appear the party is legally convicted ; therefore the evidence must be regularly set out at large, in order that the court may judge whether the justice has convicted upon proper evidence, and this both the evidence against and for the defendant ; and the best way of stating it, is to state it in the language of the witness, and particularly the fact as proved, as Lord Hardwicke in *Rex* v. *Lloyd,* 2 *Str*. 999, says it is fully settled in convictions that the evidence must be set out." *Nares*, 19. Mr. Nares adds, however, even in this case, that the magistrate is the sole judge of the weight of the evidence ; and the court of king's bench will not examine whether he has drawn the right conclusion ; but if no evidence appear in the conviction to support a material part of the information, the court must quash the information. *Nares*, 28. These positions we do not mean to question, and did not in *Birdsall* v. *Phillips*. But as to orders and other adjudications, the case is altogether different ; and in the very decision relied on by Nares, *Rex* v. *Lloyd*, Lord Hardwicke himself acted upon the distinction. There a statute had

empowered the quarter sessions, on complaint and summary proceedings for misbehavior, to remove clerks of the peace of counties. This office was, as Denison of counsel said, a freehold in the county of *Cardigan*, where Lloyd was removed by a conviction stating, in a very general way, that the removal was on hearing due proofs, &c. See the form, 2 *Str*. 996. On certiorari, it was likened to a penal conviction and a demurrer to evidence ; and counsel insisted that the evidence should have been set out ; that it was penal, as the party was removed from a freehold for misbehavior. Lord Hardwicke answered : " It is fully settled in convictions, that the evidence must be set out ; and if this was to be considered as a conviction, it would therefore be bad. But we are all of opinion it is to be considered as an order. And though it is said here is a punishment that follows, viz. the loss of the office, yet the same may be said of most of the acts of justices, where very severe penalties often follow. The case of orders of bastardy is very strong ; and as to the cases of setting out evidence on demurrers, it is absolutely necessary to have it on record, *and the superior court are judges of the fact as well as of the law, which on certiorari we are not.*" So on a certiorari to the mayor of Philadelphia, to remove a judgment for the plaintiff in debt on a by-law imposing a penalty, the first exception was that the evidence was not set out, which is necessary in every conviction. *Sed per curiam.* This is no conviction. It is a *qui tam* action of debt by the plaintiff under a by-law. Convictions are always on the prosecution of the state. *Carlisle* v. *Baker*, 1 *Yeates*, 471. And see the case of *Spring Garden Street*, 4 *Rawle*, 192. Indeed it is well known that there is such great nicety in drawing up penal convictions under the strictness of the common law, that the legislature have in several cases, by express enactment, prescribed forms omitting the common law requisites.

The only part of the return, therefore, that we are properly called on to examine, is the affidavit ; and this is objected to as having been made by the agent, without rendering any excuse why it was not made by the principals or either of them. The

Simpson *v.* Rhinelanders.

answer is. that the statute requires none.   It is absolute, that the affidavit may be made by the agent or principal at their option. 2 *R. S.* 422, 2*d ed.*, § 29.   The rule sometimes applied to affidavits in the course of practice, does not apply ; nor does the rule in respect to primary or secondary evidence as counsel suppose.   Indeed, if there were such a distinction, the agent's affidavit should be esteemed the primary evidence, as coming from the more disinterested source.     But this affidavit is not evidence upon the merits.   It is made as a plaint in the cause and stands for a declaration, on which the tenant is put to join issue by his affidavit.   It is said the agent cannot positively negative the permission to hold over mentioned in the 2nd subdivision of the 28th section.   That, however is in fact done by the affidavit ; and the agent may, where he is in the exclusive management of the property, be enabled to speak with great confidence.   It is enough however, that the affidavit show a probable want of permission.   If it exist, the proof of the fact is properly matter of defence, to be set up by the tenant's affidavit, as he attempted to do in this case ; and by proof to the jury.

It is more doubtful whether the affidavit disclosed, with sufficient particularity, an agreement by which the lessors were entitled to *re-enter* for non-payment of rent on the failure of an adequate distress.   No point upon that is made now, however; and none was made, that I see, in the court below.   The indenture of demise containing a clause of re-entry for simple non-payment, is annexed to the return ; and, under the circumstances, perhaps, we ought to intend that it was presented to the justice in connection with the affidavit as part of the proof upon which he issued his summons.

                                        Proceedings affirmed.