# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF BERKSHIRE,
## SEPTEMBER TERM 1844, AT LENOX.

#### PRESENT.

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE, ⎫
Hon. CHARLES A. DEWEY, ⎬ Justices.
Hon. SAMUEL HUBBARD, ⎭

---

JOHN HOLDEN *vs.* COUNTY COMMISSIONERS OF BERKSHIRE.

Where a party had due notice of the time and place of the meeting of county commissioners to view a road which they had been desired to discontinue, and might have appeared before them, and opposed the discontinuance, but did not, it was *held*, after he, and all others who were interested, had acquiesced, for nearly five years, in the discontinuance, that a writ of *certiorari* should not issue, on his petition, to remove the record of the proceedings of the commissioners in discontinuing the road, although those proceedings were not perfectly regular.

PETITION for a writ of *certiorari*, to bring before the court the record of the county commissioners concerning the discontinuance of a road in the town of Adams, on the petition of Edmund Southwick and others. The petitioner alleged that there was manifest error in said record and in the proceedings of said commissioners : " 1st. Because it does not appear that any notice was given by said commissioners, to all persons interested, of the time and place when and where they should proceed to discontinue said road. 2d. Because it nowhere

VOL. VII

appears, in the record of the proceedings of said commissioners, that they adjudicated said discontinuance of said road to be of common convenience and necessity. 3d. Because it nowhere appears that damages to persons or corporations were given or adjudicated upon. 4th. Because it does not appear that said commissioners heard the parties in interest before or at the time they made said adjudication."

The petitioner also alleged, " that said road, so ordered to be discontinued as aforesaid, was near his dwelling-house, and much used by him, and of great advantage to him."

The respondents set forth the following proceedings of their predecessors in office, denying that there was any error therein · At a meeting of the commissioners, on the last Tuesday in April 1837, Edmund Southwick and others presented to them a petition, praying that the road laid out from the Union Road, so called, near Reuben Harrington's land, to run to Lorenzo Sheldon's, (which was likely to be very expensive and hilly,) might be discontinued. The proceeding upon said petition was continued to an adjourned meeting of the commissioners, held on the first Tuesday of September 1837, when it was determined by them to view the premises and hear all persons and corporations interested, and to meet for that purpose at Howard's tavern, in Adams, on the 24th of October 1837 ; and it was ordered that notice be given (in the manner prescribed by the Rev. Sts. c. 24, § 2,) of the time and place appointed for said view and hearing; which order was complied with, as appeared by the return of an officer : That the commissioners met at the aforesaid time and place appointed, and viewed the premises, and heard all persons and corporations that appeared and requested to be heard, and adjourned to the first Tuesday in January 1838, and on that day, " after mature consideration, it appeared to the commissioners that the road or highway laid out and established by the commissioners, referred to in the foregoing petition " (of Edmund Southwick and others) " called the Union Road, would well accommodate the public travel, by intersecting the village of North Adams at the north easterly extremity thereof, giving a direction of the travel from the east

through nearly the whole extent of said village, without materially increasing the distance, and avoiding hills to be encountered on the road prayed to be discontinued, and by discontinuing said road, a saving of expense, to the county of Berkshire and town of Adams, of a sum exceeding one thousand dollars, would be made. It was therefore adjudged by said commissioners ·that the prayer of said petition be granted, and that part of the road laid on the petition of Nathaniel Whitcomb and others, commencing at a stake standing in the east line of Seth Harrington's land, being the place where the road, laid on the petition of Alvin Sanford and others, intersects the road laid on the petition of said Whitcomb and others, and extending westerly through the land improved by Seth Harrington, and the lands of Reuben Harrington, William Bradford, Maria Estes, and Laban Ellsworth, extending to the old county road, be discontinued; no part of said road having been worked, and the time when the said road was ordered by the commissioners to be made having expired, the owners of land to whom damages were awarded" (naming them) " having sustained no damages ; it is· ordered that the damages awarded them, as aforesaid, be withheld by the county, and not paid."

It was shown or admitted, at the argument, that the petitioner's house and land were not immediately upon the road that was discontinued.

*Robinson,* for the petitioner. It does not appear that any such notice was given of the commissioners' proceeding to discontinue the road, as is required by Rev. Sts. *c.* 24, § 6, in all cases, except where the road is discontinued at the meeting for a view. Notice of a view only was given ; and the discontinuance was ordered at an adjourned meeting held more than two months afterwards. And no hearing appears to have been had on the subject of damages.

It does not appear that it was adjudged that the discontinuance was of common convenience and necessity, as required by Rev. Sts. *c.* 24, § 4 *Commonwealth* v. *Cummings,* 2 Mass. 171. *Commonwealth* v. *Inhabitants of Egremont,* 6 Mass. 491. The commissioners seem to have proceeded on other grounds, viz.

that the Union Road would well accommodate the public; that expense might be saved, &c. ; and it was " *therefore* adjudged that the prayer of said petition be granted." One ground of' adjudication was, that the damages, which had been awarded to owners of land over which said road had been laid, could not be recovered, because the road had not been made. In this, the commissioners erred ; for one of those land owners has recovered his damages. *Harrington* v. *County Commissioners,* 22 Pick. 263. The premises, on which the adjudication was made, were therefore false, in part.

*Barnard & D. N. Dewey,* for the respondents. The Rev. Sts. *c.* 24, § 6, have never before been supposed to require a new notice, when commissioners do not adjudicate, at the meeting for a view, on the laying out or discontinuance of a way ; certainly not, when they adjourn that meeting. · The meeting held by adjournment was the same meeting, and the petitioner, having notice originally, was bound to take notice of the adjournment. *New Salem,* 6 Pick. 473.

The third objection set forth in the present petition is answered by the record. The commissioners "heard all persons and corporations that appeared and requested to be heard." It is not necessary that the record should show that no one appeared and claimed damages.

It seems not to be indispensable to the validity of the discontinuance of a way, that it should be adjudged, in the exact words of the statute, to be of " common convenience and necessity." Equivalent words, or reasons assigned which show such convenience and necessity, would seem to be sufficient. By *St.* 1797, *c.* 30, the court of sessions were authorized to discontinue any public road whenever they should " be fully satisfied that it was *not expedient* that the same should be continued any longer." Under this statute, a road was discontinued because it " had become *useless ;* " and this was held to be equivalent to the expression used in the statute. *Commonwealth* v. *Inhabitants of Roxbury,* 8 Mass. 457. See also *Inhabitants of Shirley* v. *Inhabitants of Lunenburgh,* 11 Mass. 379. But however this might have been, if an application had been immediately made

to quash this proceeding, it is now too late. Damages have been paid for the discontinuance, and all persons have acquiesced in the discontinuance for five years. No injustice has been done to any party. The writ prayed for is one within the discretion of the court, and is not granted in a case like this. *Ex parte Weston*, 11 Mass. 417. *Ex parte Miller*, 4 Mass. 565. *Hancock* v. *City of Boston*, 1 Met. 122.

SHAW, C. J. A petition for a writ of *certiorari* is an application to the judicial discretion of the court, not granted for formal and technical errors only, where no real injustice has been done ; nor will it be granted, even where more substantial errors are apparent in the proceedings, upon the application of one whose rights are not affected injuriously by such errors. The court, in its discretion, will not grant a writ of *certiorari* to reverse proceedings which have been long acquiesced in by all parties, and especially those principally interested, where contracts have been made, expenses incurred, and buildings and improvements been adapted to highways. Such a reversal of the judgment would be attended with great inconvenience. *Ex parte Weston*, 11 Mass. 417. *Rutland* v. *County Commissioners*, 20 Pick. 71. *Hancock* v. *City of Boston*, 1 Met. 122. *Whateley* v. *County Commissioners*, 1 Met. 336.

It appears to us, that the present petition is obnoxious to most of these objections. The premises of the petitioner are not immediately on the road discontinued. For aught that appears, all persons interested have acquiesced, for a period of about five years ; and whatever other objections there may be to the regularity of the proceedings, all persons had due notice of the time and place of the meeting of the commissioners, and the petitioner might have appeared to oppose the discontinuance of the highway, if he had thought fit to do so.

*Petition dismissed.*