By the Court. Oakley, Ch. J.
The appellant relies on the want of jurisdiction in the court below. The general statute on the subject is to be found in the act of 1813, relative to the city of New York, (2 Rev. Laws, 379, § 103;) which *291 requires actions in the justices courts, to he prosecuted before the justice either in the ward in which the plaintiff or plaintiffs have resided for at least a month next before, or in the ward in which the defendants or one of them reside at the commencement of the action. If one of several plaintiffs reside in a different ward from the others, the suit must be brought only in the ward in which the defendants or one of them reside. And every assistant justice-is thereby directed and required to dismiss every action brought before him contrary to the provisions of that section, with costs, in the same manner as if non-suited on the merits.
The imperative direction to dismiss the suit, precludes any waiver from being inferred by pleading to the action and going to trial.
It is argued, and perhaps correctly, that this statute was modified by the act of 1820, which divided the city into four districts in respect of the assistant justices. (Laws of 1820, ch. 1, page 3.)
The third section provides that all suits shall be commenced before the assistant justice of the wards in which either the plaintiff or defendant shall reside, except suits by the city, or by or against non-residents.
The difficulty in this case is, that neither all the plaintiffs on the one side, nor the defendant on the other, were'non-residents of the city. It is therefore not within the exception in the act of 1820, nor within the jurisdiction as provided by that act in connection with the act of 1813. So we think, that as the law stood before the code of procedure, the justice had no jurisdiction, and was bound to dismiss the suit.
It was however contended with much force, that sections 122 and 127 of the code, which require objections founded on want of jurisdiction of the person to be taken by demurrer or answer, relieve the plaintiffs from the difficulty, as no objection in that form was taken in the court below.
These sections are not directly Applicable to the justices courts. (Code, § 8.) It is sought to make them applicable thus. Section 57 enacts that the provisions of the code respecting forms of action, pleadings and evidence, and the times of *292 commencing actions, shall apply to the courts of justices of the peace, except that the pleadings may he oral, &c. Section 61 extends the provisions of section 57 to the marine court and assistant justices courts in this city, with some .additions, not important here.
It seems, therefore, that for certain purposes section 122 does apply to the court below. The question is whether the word te pleadings,” as used in section 57, is to be construed so as to include the effect and operation of the pleadings as prescribed in the code, or is to be limited to their form or manner.
The pleadings in the justices courts may be oral, but they must be the same kind of pleadings, as provided in the code ; that is, there must be a complaint, a demurrer or answer, and a reply. This is very clearly the effect of the statute. It is further insisted, that the effect is included in the enactment as well as the form and manner, and the whole case turns on this point.
We have considered it very carefully, having in view the importance of the subject; and.we cannot give to the word “ pleadings,” in section 57, the effect which the plaintiff’s counsel claims for it. The more natural application of the word, as used in the section, is to the form and manner. Many consequences might possibly result from holding the contrary, bearing upon the manner of administering justice in "the lower inferior courts, and materially affecting the practice in" those courts. As for example, the necessity-qf proving the plaintiff’s demand on the defendant’s default, which has always been necessary. On the plaintiff’s construction, it might follow that upon the defendant’s default in .appearing and answering-, the justice under section 202 of the code, must give a judgment against him without any proof of the plaintiff’s claim. A rule .of construction that might lead to such consequences, should not be introduced without its being made to appear that such is the clear effect of the statute. The safe construction is to limit the meaning of sections 57 and 61, to the fd%i and manner of pleadings, and not to extend them to their effect and operation. We adopt this view of the matter, and the result is that the justice below did not acquire jurisdiction.
Judgment reversed, without costs.