THE PEOPLE, *ex rel.* SIDNEY D. ROBERTS, Respondent, *v.* EDWARD MATTHEWS, Appellant.

SUMMARY PROCEEDINGS TO RECOVER POSSESSION OF LAND.  REQUISITES OF AFFIDAVIT IN SUCH PROCEEDINGS.  CONSTRUCTION OF AFFIDAVIT WHERE ITS MEANING IS OBSCURE.  In summary proceedings, under the statute, to recover possession of land, it is the duty of the landlord to make out a case, and if he fails so to do, the court can not help him out by reading his affidavit otherwise than he has himself made it.

The affiant in such proceedings must not only *intend* to swear to the facts necessary under the statute to make a case, but the facts must be so stated that there can be no doubt he *does* so swear to them.  If they are so stated as to admit of two different constructions, upon neither of which he could be convicted of perjury, because he may allege that the other was what he swore to, the affidavit is insufficient to support the proceedings.

ERROR to the Supreme Court, removing into this court a judgment of that court, reversing the proceedings of a justice of the District Court, removing the relator from the possession of the premises, No. 80 Broadway, and awarding restitution of the possession to the relator, which proceedings were instituted by the appellant against the relator, under the act authorizing summary proceedings, to recover possession of land in certain cases.  The proceedings were instituted by the appellant, upon the ground that he was the landlord of the premises, and the relator his tenant, and that the latter was holding over after the expiration of his term, without the assent of the landlord.  The relator did not appear upon the return of the summons; consequently, the only questions arose upon the affidavit upon which the proceedings before the justice were instituted, and the affidavit of the service of the summons upon the relator.  The first affidavit was made by Comstock, and is as follows:

"STATE OF NEW YORK,     }
"CITY AND COUNTY OF NEW YORK,  }  *ss.*

"Gilbert H. Comstock, being duly sworn, says, that he is the agent for Edward Matthews, who is the landlord of pre-

mises No. 80 Broadway, in respect to the premises now in
the occupation of Sidney D. Roberts, in the city of New
York, and described as follows, to wit: All that building
situated at No. 80 Broadway, in the city of New York; and
this deponent further saith, that on or about the first of May,
1863, the said premises were leased to the said Roberts, by
Walter L. Cutting, then owner of said premises; that said
premises were afterward purchased by one Edward Matthews,
the present landlord and owner thereof, for the term of one
year, commencing on the first day of May, 1863, and ending
on the first day of May, 1864, which said term has expired,
and that the said Sidney D. Roberts holds over and con-
tinues in possession of the said premises without the per-
mission of the landlord, after the expiration of his term
therein."

*Nelson J. Waterbury,* for the respondent.

*Edwards Pierrepont,* for the appellant.

GROVER, J. There is no disagreement between the coun-
sel as to the requisites of the affidavit of the landlord or his
agent to warrant the issuing of a summons to the tenant in
proceedings of this character. They disagree as to the con-
struction of the affidavit in question. The statute (§ 28, 513,
2 R. S.) provides for the causes in which the landlord may
resort to such summary proceedings for the removal of the
tenant and others from the demised premises. Section
twenty-nine requires the landlord, his legal representatives,
agents or assigns, to make oath in writing of the facts,
which, according to section twenty-eight, authorize the re-
moval of the tenant. An examination of these sections will
show, that the affidavit must state the facts showing that the
relation of landlord and tenant exists between the parties,
and the estate of the tenant, so that it will appear from the
facts so stated, that the term of the tenant has expired, and
that the landlord is entitled to possession. All this must
appear from the facts stated. The legal conclusions of the

affiant will not suffice.  Does the affidavit in the present case show the term for which Walter L. Cutting demised the premises to the respondent?  As I understand it, it entirely fails to do this.  All that it contains as to the term of one year, relates to the purchase by the appellant of Cutting.  It may be surmised that the affiant designed by this to state the term of the tenant.  But he failed to do this.  If the fact were, that the letting was for two years instead of one, and this known to the affiant, he could not be convicted of perjury.  The answer would be, that he had not sworn that the demise by Cutting to the relator was for one year, but that the purchase by the appellant from Cutting was for that time.  This is the plain reading of the affidavit, as it appears in the return from the Supreme to this court.  This court must be governed by that return, and if at liberty to look into the original affidavit, and thus ascertain what portion was printed and what written, the result would be the same.  The return is an exact copy of the original.  The court can no more transpose sentences in an affidavit, partly written and partly printed, than they could if wholly the one or the other.  This, if allowable, would often make the party swear to a state of facts entirely different from what he intended, and in this way he might be convicted of perjury, when he had sworn to nothing but the truth.  The only ground for making the transposition in the present case is, that unless it is made the affidavit fails to make a case.  In these summary proceedings, it is the duty of the landlord to make a case, and if he fails so to do, the court cannot help him out by reading his affidavit otherwise than he has himself made it.  The affidavit also fails to show that the appellant was, at the time of making the affidavit, the landlord of the premises. Although it states, that he was landlord and owner and had purchased the premises of Cutting, this is qualified by the addition of the words, " for the term of one year."  If this was the entire estate purchased, the term was ended, and the appellant had no longer any interest in the premises.  I think it clear, that if this was the entire estate purchased by the appellant, Comstock could not be convicted upon an

indictment, grounded upon the affidavit, charging that he had sworn that he purchased a larger estate. If this be so, it follows, that the Supreme Court were right in reversing the proceedings. Section forty-eight provides, that when any such proceedings brought before the Supreme Court by *certiorari* shall be reversed or quashed, the court may award restitution with costs, etc. Section forty-nine, that if the proceedings shall be reversed or quashed by the Supreme Court, the tenant or lessee may recover, against the person making application for such removal, any damages he may have sustained by reason of such proceedings, with costs. Whether restitution be awarded in the present case, is probably not very material to the parties, as the relator, if entitled to possession, could recover the same in the proper action, and if not so entitled, can be at once ejected, notwithstanding such restitution; but as there is nothing in the proceedings under review enabling the court to determine the rights of the parties, and as the relator was in peaceable possession and has been wrongfully evicted, so far as appears, it is the duty of the court to award restitution, and leave the parties to assert their rights in a legal way.

The judgment must be affirmed with costs.

Judgment affirmed.