The magistrate never acquired jurisdiction in the proceedings for the dispossession of Ring, the occupant of the premises claimed by the defendant.
The defendant, as grantee of the tax title, was authorized to institute summary proceedings to recover possession *Page 447 
against any person holding in hostility to that title. (Laws 1854, chap. 384, tit. 5, § 33.)
The language of the statute is, that the grantee shall be entitled, "as against all persons whomsoever, to the possession of the premises."
The affidavit presented to the magistrate states that Ring was in possession of the premises, and had refused to deliver possession to the defendant.
The application was made two years after the defendant had acquired his title.
It did not appear when or under what title or claim Ring entered into possession.
It was consistent with the case made by the defendant, that Ring entered under him and was then holding in subordination to his title and for an unexpired term.
The language of the statute cannot be construed as authorizing the defendant to acquire possession of the premises in contravention of his own act or agreement.
The affidavit presented to the magistrate must show that the applicant is entitled to the actual possession of the premises, in order to confer jurisdiction to issue the summons. (Hallenbeck v. Garner, 20 Wend., 22; Hill v. Stocking, 6 Hill, 304.)
The proceedings were irregular and void for another reason.
The summons was made returnable on the day upon which it was issued. The statute only authorizes this in the case of a holding over by a tenant after the expiration of his term. In all other cases the statute directs that it shall be made returnable not less than three nor more than five days after it is issued. (2 R.S., 503, § 30; Laws 1868, chap. 828, § 1.)
No ground was disclosed in the affidavit for issuing the short summons, and its service gave no jurisdiction to enter the judgment on default of appearance by the tenant.
It must be conceded that the court would have reversed the proceedings on certiorari issued upon the application of Ring.
It is claimed, however, that the relator does not stand in *Page 448 
the same position, and that the proceedings cannot be reviewed oncertiorari issued at his instance.
The writ was awarded upon his application and upon an affidavit showing that he was the owner of the premises when the tax was levied, and the conveyance pursuant to the tax sale was made, and that Ring occupied them as his tenant at the time of the proceedings before the magistrate.
The statute relating to summary proceedings for the possession of land declares that the Supreme Court may award a certiorari
for the purpose of examining any adjudication made on any application thereby authorized. (2 R.S., 516, § 47.)
The writ of certiorari is not a writ of right, except in cases where it is so made by statute, but it rests in the sound discretion of the court to grant or to refuse it, upon the circumstances of the case.
It will not in general be issued when great public inconvenience will result, nor where the party has a remedy by appeal to correct the irregularity or injustice of which he complains. (Bac. Ab., tit. Certiorari; People v. Supervisorsof Allegany, 15 Wend., 198.)
But it is a highly beneficent and important remedy, and the superior courts have firmly and steadily maintained the right by virtue of it to supervise and correct the judicial acts of inferior jurisdictions, officers and magistrates, even in cases where they are authorized finally to hear and determine, unless the jurisdiction to issue the writ has been taken away by express words. (Rex v. Inhabitants of Glamorganshire, 1 Ld. Ray., 580; Wildy v. Washburn, 16 J.R., 49.)
The statute authorizing the writ in this case does not define the persons in whose behalf or upon whose application it may be issued.
It is clear that a person having no interest in the subject of the litigation, and whose interests or rights are not affected by the proceedings sought to be reviewed, cannot claim the writ; nor would the court, on the application of an intermeddler and a mere stranger to the proceedings, interfere to correct them, however erroneous they may have been. *Page 449 
In Colby v. Botts (12 Wend., 234) a certiorari sued out to review proceedings under the statute in question was, upon motion, quashed, on the ground that the party prosecuting it had no interest in the subject-matter of the proceedings.
The relator in this case was the owner of the premises, unless his title had been divested by the sale for taxes.
He had the chief interest in the proceedings before the magistrate, although his tenant was the nominal party. The tenant may have had no interest to defend them.
If the landlord, in such a case, who is not served with a summons, and who may have had no notice of the proceedings, may not sue out a certiorari, it must be upon the technical ground that he is not a party to them. The result would be, that his possession might be divested without an opportunity to be heard, and he would be put to his action to regain it.
SPENCER, J., in Wildy v. Washburn (16 J.R., 49), says: "Whenever the rights of an individual are infringed by the acts of persons clothed with authority to act, and who exercise the authority illegally and to the injury of an individual, the person injured may have redress by certiorari."
In view of the comprehensive character of the remedy and the nature of the proceeding in this case, I think the writ was properly awarded on the application of the relator.
The statute directs that the summons shall require any person in possession of the premises claimed, or claiming the possession thereof, to remove therefrom or show cause, etc. (Sec. 30.)
And any person in possession, or "claiming possession," may, at the time appointed for showing cause, traverse the facts on which the summons issued. (Sec. 34.)
The relator had a right, under these provisions, to contest, before the justice, the claim of the defendant to possession; and the fact that he did not appear, neither terminated his interest in the controversy nor did it bar him from being an actor in a proceeding by certiorari, to test the question whether the magistrate acquired jurisdiction. *Page 450 
There is another answer to the claim of the defendant. The granting of the writ was in the discretion of the court below
If it was improvidently granted, it might have been quashed, upon motion, and this power has been exercised after a return made and argument upon the merits. (People v. Supervisors ofAllegany, 15 Wend., 198; People v. Mayor, etc., of New York,
2 Hill, 9; Ex parte Weston, 11 Mass., 417.)
No application was made in the court below to quash or supersede the writ, but the judgment passed upon the questions raised by the return.
In this position of the case, the objection that the relator was not entitled to sue out the writ, if well founded, ought not now to be entertained.
The judgment of the General Term should be affirmed, with costs.
All concur.
Judgment affirmed.