ELEANOR TERRETT, RESPONDENT, *v.* RANDALL G. COWENHOVEN, APPELLANT.

*Summary proceedings — legal title only considered in — holder of equitable title not estopped thereby — contract of sale.*

Where summary proceedings are instituted by a purchaser at an execution sale, before a county judge, in pursuance of subdivision 4 of section 28 of 2 Revised Statutes, 513, to remove a person holding over and continuing in possession of the real estate purchased, the judge has jurisdiction to pass upon the legal title only, and a judgment rendered therein does not estop a person removed thereunder, from subsequently asserting an equitable title to the land to which the legal title acquired by the purchaser is subject.

A purchaser of real estate at an execution sale who has notice of the rights of a vendee in an executory contract for the sale thereof, takes the same subject to such rights, and an actual, visible possession by the vendee gives notice of his rights, whatever they may be.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed by the court.

The action was commenced and tried in the City Court of Brook-

lyn, and the appeal was removed to this court, because two of the judges of that court were incompetent to sit.

The action was brought to recover certain lands, plaintiff's title to which depended upon that of one Crombie, who had purchased the same, August 5, 1856, at a sale upon an execution, issued upon a judgment recovered against one Tunis T. Cowenhoven, July 12, 1853. The deed was made by the sheriff, November 18, 1857. The defendant claimed to be entitled thereto by virtue of a contract of sale made by Tunis T. Cowenhoven to him on the 5th of April, 1851, for $10,000, of which $3,000 was paid down, and of a deed given in pursuance thereof on October 9, 1855, recorded November 5, 1857. On March 20, 1858, Crombie instituted summary proceedings before the county judge of Kings county, to remove the judgment debtor, the defendant and one William H. Cowenhoven from the land, and a warrant therefor was issued on April 12, 1859. On that day Crombie went to the premises and leased the same to Tunis T. Cowenhoven for six months from May 1, 1859, at a specified rent. On the fourth of April the defendant signed the following agreement:

"Whereas, James Crombie has this day leased to Tunis T. Cowenhoven the premises on the north side of DeKalb avenue, between Classon avenue and Graham street, Brooklyn, till November 1, 1859, and, in consideration thereof, I, Randall G. Cowenhoven, hereby agree with said Crombie that I will in no way take advantage of the possession given said Tunis T. Cowenhoven under said lease, and will not interfere with said premises till the proceedings before the Hon. S. D. Morris, to obtain possession of said premises by said Crombie against me and Tunis T. Cowenhoven and William Cowenhoven, shall be reversed.

"R. G. COWENHOVEN.

"*April* 4, 1859."

Two actions against Crombie were subsequently commenced by the defendant — one to reform the sheriff's deed, on the ground that the premises in question were included therein by mistake, and the other to set aside the judgment under which the sale was had for irregularity and defectiveness, in both of which defendant was unsuccessful.

*Flanders & Ormsby,* for the appellant.

*D. P. Barnard,* for the respondent.

GILBERT, J.:

The plaintiff in ejectment must recover upon the strength of his own title, and cannot rely on the weakness of that of his adversary. The title of the plaintiff rests upon a conveyance by the sheriff, dated November 18, 1857, executed pursuant to a sale on an execution issued upon a judgment recovered July 12, 1853, against Tunis T. Cowenhoven. The sale on the execution was made August 5, 1856. On the 5th of April, 1851, Tunis T. Cowenhoven the judgment debtor, made a contract to sell the premises in controversy, to the defendant for $10,000, and the contract contained a receipt for the payment of $3,000 thereon. The premises were conveyed by said Tunis to the defendant by deed, dated October 9, 1855, and recorded November 5, 1857. It was claimed by the defendant, that he was in the actual possession of the premises at the time of the sale on execution, and that he had continued in possession thereof ever since, and evidence was given to that effect.

Pausing here, it is clear, that a direction to the jury to find a verdict for the plaintiff would be erroneous. For at the time the judgment was recovered, and the sale on the execution was made, the defendant had a contract for the sale of the land on which a part of the purchase-money had been paid, and it became a question for the jury to decide, whether the purchaser at the execution sale did not purchase with notice of those facts. For a purchaser with notice of the rights of a vendee in an executory contract for the sale of lands, takes subject to such rights, and an actual visible possession by the vendee of the lands sold, is notice of his rights, whatever they may be. (*Smith* v. *Gage,* 41 Barb., 61; *Chadwick* v. *Fonner,* 6 Hun., 545; *Brown* v. *Volkening,* 64 N. Y., 82.)

Equity looks upon things agreed to be done, as actually performed. Hence the vendor, from the time of the contract of sale, holds the legal estate in trust for the vendee, and before the contract is executed by a conveyance, the lands are devisable by the vendee, and descendible to his heirs as real estate. (1 R. S., 751, §§ 1, 27; 2 id., 57, § 2; Story's Eq. Jur., § 789, *et seq.,* 1212; *Champion* v. *Brown,* 6

Johns. Ch. R., 398; *Livingston* v. *Newkirk*, 3 id., 312.) A purchaser from the vendor directly, or at a sale on execution against him, with notice, does not acquire the lands divested of such trust in favor of the vendee, but takes them subject thereto. (Authorities, *supra*.) It follows, therefore, that such a vendee in possession, cannot be held to be a disseisor, or to unlawfully withhold the possession from the person who holds the legal estate. He may retain his possession until his rights under the contract have been destroyed, and the remedy of the vendor, or of those who have succeeded to his rights, is to enforce payment of the unpaid purchase-money, or to put an end to the contract by averring and proving a breach thereof. That may be done in an action to recover the possession of the lands, provided appropriate averments are inserted in the complaint, to show that the vendee has forfeited his rights under the contract, and such averments are established upon the trial. But when, as in this case, no such averments are made in the complaint, the defendant may stand upon his denial that he unlawfully withholds possession. (*Smith* v. *Gage, supra*.)

It appears, however, that in March, 1858, proceedings were instituted before the county judge of Kings county, for the removal of the judgment debtor, the defendant, and another person from the premises, pursuant to the statute of summary proceedings to recover the possession of land (2 R. S., 513, § 28, sub. 4), and the plaintiff claims that the adjudication made in such proceedings, that the defendant and his co-respondents be removed from, and that the plaintiff be put in possession of, the premises, is conclusive against the defendant, and estops him from denying that the judgment debtor held over a part of the premises sold under the execution, and that he (the defendant) entered into possession of the residue thereof under a title derived from the judgment debtor subsequent to the lien of the judgment. No doubt that is correct. But the title of the defendant mentioned was a legal, not an equitable, title. The county judge had no jurisdiction to decide, nor did he decide upon the legal effect of the facts on which the equitable title of the defendant depends. Those facts were not before him. Nor does the omission of the defendant to set up matters, which the county judge had no jurisdiction to try, make the judgment of the latter a bar to subsequent litigation of the same matters before a court having

jurisdiction to try them. A judgment is not conclusive of any matter to be inferred by argument therefrom, but only of material matters within the issue determined. (Greenl. Ev., § 528, 529, 530.) It is doubtful, whether upon the facts stated in the application to the county judge, namely, that the defendant entered into possession and held under a deed executed after the docketing of the judgment, he had power to proceed against the defendant, The case of *Hallenbeck et al.* v. *Garner* (20 Wend., 22), cited on behalf of the plaintiff, does not decide the point, and it seems a great stretch of the statute to give it an operation which would, in any case, make the proceeding one for the determination of conflicting claims to the possession of land. The language of the statute, in our judgment, plainly imports that the persons against whom it may be enforced are those, whose rights have been cut off by the sale but who, nevertheless, hold over and continue in possession. A sale on execution passes only the interest of the judgment debtor. The lien of the judgment will be subordinated to prior equitable interests in the land, unless the sale has been made to a *bona fide* purchaser. (*Nat. Bk. of Norwalk* v. *Lanier,* 7 Hun., 627, and cases cited.) In *Ells* v. *Tousley* (1 Paige, 280), the late Chancellor WALWORTH, used this language : " I have lately had occasion to decide that the lien of a judgment does not in equity attach upon the mere legal title to land in the defendant, where the equitable title is in a third person." And when Judge BRONSON, in the case in 20 Wendell (*supra*), intimated that the statute might embrace a person who entered under a title subsequent to the lien of the judgment, he could not have intended to refer to the owner of an equitable title, which was prior to the lien of judgment. The judgment of a county judge in a summary proceeding, creates as effectual an estoppel respecting all matters within his jurisdiction in that proceeding and which actually were, or might have been determined, as the judgment of a competent court rendered in an action. But no judgment of any tribunal upon matters not within its jurisdiction is binding upon anybody. As to such matters the proceeding is *coram non judice.* (*White* v. *Coatsworth,* 2 Seld., 137 ; *Mercein* v. *The People,* 25 Wend., 64 ; *La Guen* v. *Gouverneur,* 1 Johns. Cases [2d ed.], 436, and notes.

We think, therefore, that the defendant was not estopped, by the

summary proceeding before the county judge, from availing himself of his equitable title as a defense to this action. The judgments in the Supreme Court no doubt constitute a bar to the matters litigated therein, but neither of them purport to effect the defendant's right to enter into, or to remain in possession of, the land in controversy.

The agreement of the defendant dated April 5, 1859, has no force or effect otherwise than as an agreement. It contains no recognition of the plaintiff's, nor any waiver of the defendant's title, but the effect of it is quite the contrary, and it was evidently intended to operate only during the continuance of the lease. It is impossible, therefore, to give it at this distance of time, after the lease has expired, the effect of an estoppel.

For the error of directing a verdict the judgment must be reversed, and a new trial granted with costs to abide the event.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment reversed and new trial granted, costs to abide event.