Titus, J.
The defendant appeals from a judgment of the municipal court of Buffalo, in favor of die plaintiff, awarding' to him the possession of certain premises, with costs, against the defendant. It appears from the return to this court, that en tho *810 14th day of June, 1886, Thomas Coatsworth made application to a judge of that court for a precept against Henry Thompson and another, to put him in possession of certain lands described in the petition presented to the judge.
The petition was not verified. The precept was made returnable on the 17th day of June, and, as appears from the affidavit, was personally served on both of the defendants. Henry Thompson appeared by Mr. Hodgman, and the defendant, O’Neil, did not appear. No proceedings were taken by the judge on the return of the summons, but the matter was held by consent until June 18th, at which time the defendant Thompson again appeared by Mr. Hubbell, who objected to the court’s entertaining jurisdiction of the proceeding on the ground among others, that the petition was not verified, as required by statute, and asked to have the proceedings dismissed. The proceedings were then adjourned by consent, without waiving the objections, until June 21st, at which time the defendants did not appear ; and the court granted the order, awarding the plaintiff possession of the premises, with costs.
Before a party is entitled to a precept, section 2235 of the Code of Civil Procedure provides “ That the applicant must present to the judge or justice a written petition, verified in like manner, as a vgrified complaint in an action brought in the supreme court, describing the premises of which the possession is claimed, and the interest therein of the petitioner or the person whom he represents, stating the facts which, according to the provisions of this title, authorize the application by the petitioner and the removal of the person in possession, naming or otherwise intelligibly designating the person against whom the special proceeding ig instituted, and if there are two or more such persons, and some are under-tenants or assignees, specifying who are principal or’, tenants, and also under-tenants or assignees.”
The defendant insists-that the petition does not state in detail the facts required by the, Code to be stated. The petition does in substance describe the premises, and states the facts which authorize this proceeding, and properly designates the person ■against whom the proceedings are taken as tenants and under-tenants, and in that regard, the petition, if properly verified,, would be sufficient. But the petition is not verified as required by the statute, and each fact required to be stated in the petition on oath, rests upon the unsworn declaration of the applicant, and must be considered and treated as a simple declaration.
It is claimed by the petfjpner’s counsel that the defendant appeared in the court below and gave the court jurisdiction to-proceed without a verified petition.
Undoubtedly the appearance of Mr. Hodgman on the return of the precept without stating or without qualifying in any way *811 bis appearance, was a general appearance, and so far as a general appearance can bind him or be considered a waiver of any objection which existed to the proceeding, he would be bound, by it. Section 2243 of the Code of Civil Procedure provides that if at the time when the precept is returnable the defendant should not appear, the petitioner must make proof of the service thereof; so that in case the adverse party does appear, the necessity of making proof of service is dispensed with. It appears, however, from the return that on the return day of the precept, no proceedings were had in the matter, but that the proceeding was held open until the 18th day of June.
It is the practice in justice’s court to hold proceedings open when a sufficient reason exists, whether the parties consent to such holding open or not. The defendant in this case, however,, consented that the case be held, and when it was again brought, before the court, it was the same as on the return day of the precept, namely, the return of the precept, and any proceeding had on that day should be considered as if had on the day named in the precept for its return. In other words the proceeding remained in statu quo, reserving to the parties all of the rights which they had on the day of its return. Clark v. Garrison, 3 Barb., 372.
If we have correctly stated the practice, then the objections which were interposed to the petition on that day have the same force and effect as if they had been interposed on the day mentioned in the precept as the return day.
It is not claimed by the plaintiff’s counsel that the petition complied with the requirements of the statute, in being verified; indeed the statute itself is express that it must be verified by the-affidavit of the petitioner, and. it has been uniformly held by the-courts of this State, that in a proceeding ’of tins character, which is in derogation of the common law rights of parties, everything required by the statute must be done or the justice will not obtain jurisdiction. Miller v. Brinkerhoff, 4 Denio., 118; Hallenbeck v. Garner, 20 Wend., 22; Everston v. Sutton, 5 Wend., 281; Hill v. Stocking, 6 Hill, 314; People v. McAdam, 11 W. Dig., 112; Wiggin. v. Woodruff, 16 Barb., 474; People v. Boardman, 4 Keyes, 59; Deuel v. Burt, 24 Barb., 438; Luhrs v. Commors, 30 Hun, 468; Simpson v. Rhinelanders, 20 Wend. 103; People ex rel. Mitchell v. Simpson, 28 N. Y., 55; People ex rel. Sheridan v. Andrews, 52 N. Y., 445.
These cases hold in substance that unless there is a strict compliance with the statute in stating the facts the proceeding is absolutely void, and confers no jurisdiction upon the justice.
If the case was held open, the defendant was in time and the objections made on that day are just as effective for the purpose of raising the question of the jurisdiction of the court below as if they had been made the moment the precept was returned.
*812 It is a well settled, rule in justices’ courts that a party may object to a proceeding, and if they are overruled by the justice, file his answer and proceed with the triai the same as though no objection had been made, and not waive any question raised by such objections. Campbell v. Mallory, 22 How, 183; Prouty v. Prouty, 5 How, Pr., 81; Cornell v. Smith, 2 Sandf., 290; Wheeler v. Lampman, 14 Johns., 481: Shannon v. Comstock, 21 Wend., 457; Avery v. Slack, 17 Wend., 85.
We are, therefore, of the opinion that the petition not being verified as required by statute, was clearly insufficient to confer jurisdiction upon the justice, and that there was no such appearance by the defendant on the return day of the precept as amounted to a waiver of his right to mate objections to the insufficiency of the petition.
The cases cited by the counsel for the plaintiff-in his points do not hold the proposition stated. In 12 Hun, 378, there was no appearance by the defendant, and the question of waiver was not before the court. The case in 3 Abbott, N. S., p. 266, was an ordinary action in a court of record.
There was a general appearance by the defendant, and his time to answer had been extended, and the court held that it was too late to raise objection to the complaint as he should have acted promptly, and insisted on the irregularity. In Wright v. Jeffrey, 5 Cowen, where there was an irregularity in the service of the summons, the court held that in putting in bail by the defendant, the irregularity was waived. In the case under consideration there was no waiver of the right to object which was taken advantage of on the first day when proceedings were had after the return of the precept.
The judgment and qrder appealed from should be reversed with costs.