Hatch, J.
This is an appeal from a judgment of the municipal court of the city of dispossessing a tenant of demised premises, for non-payment of rent. The question presented upon this appeal, has been before decided, by this, court. Miller v. Schmidt, not reported.
*269 Counsel for respondent strenously insists that the decision is wrong, and in consequence thereof a re-examination of this question has been had. Such examination leads me to the conclusion that the former decision must be upheld, and the judgment appealed from reversed. The question arises upon the sufficiency of the affidavit of service of the copy precept required to be served. The affidavit in question is as follows:
“Erie County, City of Buffalo, ss.:
“ Maria Rathburn being duly sworn says: That on the 18th day of January, 1887, she served the annexed precept upon John-Weber, by delivering a copy thereof at his dwelling house in the city of Buffalo, where the premises described in said precept are situated, to his wife, Mrs. Weber, a person of about thirty-nine years of age, who resided there, and that at the time of said service, the said John Weber was absent from his said residence.
MARIA RATHBURN.”
Sworn before me this 20th ) day of January, 1887. j
O. W. VOLGER,

Notary Public.

This affidavit appears attached to the precept upon which is endorsed, among other things, a copy of section 2241, Code of Civil Procedure.
It is noticed that as far as mere statements go, the affidadavit is limited; the affiant says she has served the precept, nothing more.
It therefore becomes necessary to enquire what the paper is which the affiant states was served. Section 2238 Code of Civil Procedure provides for a precept and its contents so far as applicable to this case. It must be as follows: “ The judge or justice to whom a petition is presented must thereupon issue a precept directed to the person or persons designated in the petition as being in the possession of the property and requiring him or them forthwith to remove from the property, describing it; or to show cause, before him, at a time or place specified in the precept, why possession of the property should not be delivered to the petitioners, * * * The precept must be returnable, not less than three, nor more than five days after it is issued:
Other than this there is no statute which adds to or takes from the contents of a precept issued under this act, either by way of endorsement or otherwise. Having issued the precept the next step is its service. How shall it be served? Section 2240 Code makes answer:
First. By delivering it to the person to whom it is directed.
Second. If the person to whom it is directed resides in the city or town in which the property is situated, but is absent, *270 then service may be made by delivering a copy thereof, at his dwelling house, to a person of suitable age and discretion who resides there, or if no such person can with reasonable diligence be found there, then by delivering a copy of the precept and at the property sought to be recovered, either to some person of suitable age and discretion residing there, or, if no such person can be found there, to any person of suitable age and discretion employed there.
Third. If service cannot be served as above prescribed, then it may be made by affixing a copy of the precept upon a conspicuous part of the property.
The' service made in the case under consideration, if made at all, falls under the second subdivision. When the service is made otherwise than personally, certain other obligations are imposed, which are provided for in section 2241 Code:
First. Upon the person to whom the precept is delivered, . who must without any avoidable delay, deliver it to the person to whom it is directed," if he can be found in the same town or city, if he cannot be found therein then to his agents, and if neither can be found after the exercise of reasonable diligence then before the time when the precept is returnable the person must make a written statement, endorsed thereon, that after the exercise of reasonable diligence, he or she is unable to find either the person to whom the precept is directed or his agent, within the town or city. A person who wilfully violates these provisions is guilty of a misdemeanor, and if the person receiving the precept is a tenant, he not only becomes guilty of a misdemeanor, but forfeits to his landlord the value of three years rent of the premises occupied by him.
Second. Of the person who makes service of the precept the following is required: “A copy of this section must be endorsed upon each copy of a precept, served otherwise than personally upon the person to whom it is directed.” This statute in its nature is not only highly penal, but a willful violation, subjects the person to indictment and criminal punishment. Under such circumstances it is hardly necessary to call attention to those authorities which hold that these statutes must be strictly construed and every act required to be. done must be literally performed, for under this statute such rule is suggested without authority. _ It is at once apparant why the section of the Code is required to be endorsed upon the copy served, (not the precept). _ It was evidently intended to bring sharply to his attention the duties which the law then imposed upon him and thus put. him in active motion, and to accelerate his movements, held up before his view liability to punishment by imprisonment. A home is liable to be broken up, valuable property rights, may be summarily destroyed, hence the necessity for an •active, dilligent effort. All of the steps must be carefully taken, the commands of the statute literally obeyed. Suppose no notice is endorsed upon the copy precept served, and. *271 the person upon whom it is served, does nothing to call the attention of the person to whom it is directed to it, although he well knew where he was. Would he be liable for the penalties imposed by-this statute, could he be tried and punished by indictment? Clearly not, His being bound to know the law would not apply, for the law says in this manner, you shall call my attention to it, and until you obey the law, you impose no duty upon me! Without the notice the copy served is no more than waste paper, when served in this manner, and no person is bound to obey its mandate, notwithstanding it contains all the essentials of a valid precept.
The evident policy of the law is to secure notice to be given the tenant of the proceeding, and the presumption arises that such precept, with the notice endorsed thereon, has been delivered to the person to whom it is directed, when the person to whom it was delivered fails to appear and endorse thereon that the tenant or his agent cannot be found, and this fact, coupled with a proper affidavit of service of the precept, when personally served, and with an affidavit of the proper service of a copy of the precept, with the section of the Code endorsed thereon, confers jurisdiction upon the magistrate to proceed to judgment. IÑotliing short of this will satisfy the statute. This leads to an enquiry as to the proof required of the service of the precept. It is found in section 22iS, Code Civil Procedure: “ At the time when the precept is returnable, the petitioners must, unless the adverse party appears, make due proof of the service thereof, showing the time and the place and manner of service; and, unless service was made personally upon the adverse party, or by offering a copy of the precept, the name of the person to whom a copy of the precept was delivered, if his name can be ascertained with reasonable diligence.” Due proof of the service requires the service of such paper as the law has provided shall be served. In this case the affidavit of service clearly states that affiant served a copy of the precept, but the notice required to be endorsed upon the copy precept left with a person upon the premises forms no part of the precept, it need never contain it either by endorsement or otherwise. The copy precept to be effectual, as we have already seen, must have it endorsed, and “ due service ” requires not only that the copy be served, but that the notice was, when served, endorsed as the law requires, else it fails. This affidavit falls short of what the statute requires. The test applied by counsel for respondent is, that the affiant would be liable to an indictment for perjury should it appear that the precept was endorsed, (as in this case it is), with the section of the Code, while the copy served was not. Tested by this standard, I think he must fail, for the reason that affiant swears that she served the annexed precept, etc. An examination of the paper annexed shows a precept full and complete, it also shows more, *272 but to that this affidavit is silent. So far as the affiant’s affidavit goes it is an absolute verity. How then can it be said that she is guilty of perjury. If such is the law, then a person can be convicted of perjury for stating the truth. Suppose that this precept was endorsed, with another section of the Code and the affidavit contained the same statement as here. Could it be seriously argued that she served a copy of the precept and that upon it was endorsed the section appearing and that if it did not appear endorsed upon the copy served, that therefore the affiant was guilty of perjury. It may be claimed that this illustration is no test being entirely foreign to the subject matter. But in a legal sense it is just as much a part and lot of the precept as the notice required to be endorsed upon the copy precept served, by section 2241 Code. The reasoning of Judge Grover in The People v. Mathews (38 N. Y., 451), sustains the views here advanced. There is no hardship m this rule, parties can as well make •a proper affidavit of service as a proper precept. In this case the affidavit is defective in not stating that not only was the copy precept served but that the notice required to be endorsed thereon was there when served. The judgment must be reversed, with costs.