## McDonald v. McLaury et al.

*(Supreme Court, General Term, Fourth Department.   February, 1892.)*

1. RECOVERY OF LAND—SUMMARY PROCEEDINGS—NOTICE TO QUIT.

   Code Civil Proc. § 2232, provides that where land has been sold on foreclosure, and the title under foreclosure duly perfected, the mortgagor, or person claiming under him, holding over, after notice to quit has been given as prescribed in section 2236, may be removed by summary proceedings.  Section 2236 provides that where application is made under section 2232 the petition must state that a notice in behalf of the applicant, requiring all persons occupying the property to quit the same by a day therein specified, has been either served personally upon the person or persons to be removed, or affixed conspicuously upon the property, at least 10 days before the day specified therein.  *Held*, that a petition alleging that petitioner "demanded possession" was not a compliance with section 2236.

2. SAME—WAIVER OF DEFECTS IN PETITION.

   The defect was not waived where defendants, after their objection on special appearance that the petition failed to allege the giving of notice was overruled, appeared generally, and made the same objection after the close of the evidence.

Appeal from Delaware county court.

Summary proceedings to recover possession of land by William McDonald against David H. McLaury and Catherine McLaury, instituted before a justice of the peace, who awarded plaintiff possession of the land.   On appeal to the county court the order was reversed.   Plaintiff appeals.   Affirmed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*E. O'Connor*, for appellant.   *Walter Scott*, for respondents.

MARTIN, J.   The final order in this proceeding was reversed by the county court without opinion, and hence we have no means of knowing the particular grounds upon which the decision was based.   The respondents, however, seek to uphold it upon the ground, among others, that the petition presented to the justice, upon which such proceedings were founded, was fatally defective, in not alleging that the notice required by section 2236 of the Code of Civil Procedure had been given.   The authority to maintain proceedings of this character is given by title 2 of chapter 17 of the Code of Civil Procedure.   Independent of this statute the proceedings could not be maintained.   Such proceedings are entirely statutory, and must be conducted in strict accordance with the provisions of the law; otherwise they are absolutely void.   *Miner* v. *Burling*, 32 Barb. 540; *Coatsworth* v. *Thompson*, 5 N. Y. St. Rep. 809.  The provisions of section 2232, so far as they relate to the question under consideration, are as follows: "In either of the following cases a person who holds over and continues in possession of real property, after notice to quit the same has been given, as prescribed in section two thousand two hundred and thirty-six of this act, and his assigns, tenants, or legal representatives, may be removed therefrom, as prescribed in this title:  *   *   *  (2) Where the property has been duly sold upon the foreclosure, by proceedings taken as prescribed in title ninth of this chapter, of a mortgage executed by him, or a person under whom he claims, and the title under the foreclosure has been duly perfected."   It will be observed that authority to institute a proceeding to remove after mortgage foreclosure exists only in case of a person who holds over and continues in possession after notice to quit has been given as prescribed by section 2236.   The giving of such notice is a condition precedent to the right to institute the proceeding.   Section 2236, so far as applicable to this case, provides: "Where the application is made in a case specified in section two thousand two hundred and thirty-two of this act the petition must state that a notice in behalf of the applicant, requiring all persons occupying the property to quit the same by a day therein specified, has been either served personally upon the person or persons to be removed, or affixed conspicuously upon the property, at least ten days before the day specified therein."   The following is the only allegation in the petition in this case

which it is pretended was at all in compliance with this requirement of the statute: "That, after the title to the said mortgaged premises had been fully perfected in this petitioner as aforesaid, this petitioner demanded possession of said premises from said David H. McLaury and Catherine McLaury, who were then in possession and who are now in possession thereof, claiming to hold the same by some right or title derived from said David H. McLaury, the said mortgagor, subsequently to the execution and delivery of said mortgage, and that the said David H. McLaury and Catherine McLaury neglect and refuse to surrender said possession, and that they hold over and continue in possession of said premises after the perfection of said title, under said foreclosure proceedings, and after such demand aforesaid, without permission of this petitioner, who is entitled to the possession thereof." There was here no allegation or statement that a notice in behalf of the appellant, requiring the persons occupying the property to quit the same by a day therein specified, had been either served personally upon the respondents or affixed conspicuously upon the property at least 10 days before the day specified therein. It is manifest that the provisions of section 2236 were not complied with. "It is an elementary rule that in every purely statutory proceeding the statute must be strictly pursued in order to give jurisdiction to the court or officer called upon to apply its provisions." *Schneider* v. *Leitzman*, (Sup.) 11 N. Y. Supp. 434. As the appellant entirely omitted to insert in his petition the statement required by section 2236, the justice acquired no jurisdiction, and was not authorized to issue the original process in the proceedings sought to be commenced. *Chretien* v. *Doney*, 1 N. Y. 419; *People* v. *Matthews*, 38 N. Y. 451; *People* v. *Andrews*, 52 N. Y. 445; *Cuyler* v. *Crane*, 25 Hun, 67; *People* v. *Boardman*, *43 N. Y. 59; *Coatsworth* v. *Thompson*, 5 N. Y. St. Rep. 809; *Hallenbeck* v. *Garner*, 20 Wend. 22; *People* v. *Keteltas*, 12 Hun, 67.

The claim that the defendants waived the objection to this defect in the petition by appearing in the proceeding cannot be sustained. They appeared first specially for the purpose of objecting to the proceeding, and, among others, raised the objections "that there is no evidence in the petition that a notice requiring all persons occupying the premises in question to quit the same by a day specified therein was served on the defendants, or either of them, 10 days before day specified in said notice, or that any notice of that purport was so served. (3) There is no evidence, in the petition or otherwise, before the court, that the petitioner has in any way demanded possession of premises in question since his pretended title to said premises was acquired, or that any such demand was made 10 days before these proceedings were instituted." At the close of the evidence substantially the same objections were again raised. In both instances they were overruled by the justice, and the respondents duly excepted. Under these circumstances, we do not think the defect in the appellant's petition was waived. The court erred in overruling the objections of the respondents, and for such error the county court properly reversed the final order in the proceedings. Judgment affirmed, with costs. All concur.