a party by his acts and admissions only when, in good conscience and honest dealing, he ought not to be permitted to deny what he has said or done. Wilcox v. Howell, 44 N. Y. 398; Marden v. Dorthy, 160 N. Y. 39, 54 N. E. 726, 46 L. R. A. 694; Lawrence v. American National Bank, 54 N. Y. 432.

Finally, it is said that this case comes under the rule that, where one of two innocent parties must suffer, he must bear the loss whose action enabled the wrong to be done. This rule is invoked upon the theory that the defendant, in issuing the duplicates and changing the beneficiaries, enabled J. Winslow Jones to perpetrate a fraud upon plaintiff's assignor. But this overlooks the fact that it was the act of J. Winslow Jones, plaintiff's original assignor, which enabled the fraud to be perpetrated, and plaintiff, by his connection with the original transaction, is in no better position, so far as enforcing the duplicate policies is concerned, than J. Winslow Jones would be, had he brought an action; for, as we have already seen, he could not enforce the claim. The defendant has paid the original policies, and simply because it was induced by the plaintiff, representing the original assignor, to issue duplicates upon the theory that the originals had been lost, and to change the beneficiaries upon forgeries and fraudulent statements, it ought not to be compelled to again pay.

The judgment is right, and should be affirmed, with costs. All concur.

---

(52 Misc. Rep. 202)

FARRELLY v. NEW YORK LIFE INS. CO. et al.

(Supreme Court, Special Term, New York County. December, 1906.)

INJUNCTION—TEMPORARY INJUNCTION—ELECTION OF CORPORATE OFFICERS—INSURANCE COMPANIES.

 A policy holder of the New York Life Insurance Company was a candidate for election as director on the International Committee ticket, and sued the company, on behalf of himself and all other policy holders, to restrain it and all persons acting under its existing board of directors from proceeding with a campaign for the election of the Administration ticket which said board of directors are, under Laws 1906, p. 787, c. 326, § 30, required to name. *Held*, that a motion for a temporary injunction, based on allegations of improper conduct on the part of the company, made on information and belief, and denied by its answer, without any satisfactory proof of any improper act, will be denied.

Action by Stephen Farrelly against the New York Life Insurance Company and others. Motion for injunction pendente lite. Denied.

Samuel Untermeyer, for plaintiff.

James H. McIntosh and William Nelson Cromwell, for defendants New York Life Insurance Company and Orr.

DOWLING, J. Plaintiff seeks an injunction pendente lite restraining the defendants and all persons acting for or under them or by their direction (1) from proceeding with or carrying on the campaign described in the complaint for the election of the Administration ticket, at the expense of the defendant corporation; (2) from expending or causing or permitting to be expended any sums of money whatever

in distributing the marked ballots referred to in the complaint or procuring the execution thereof; (3) from using or employing the time of any employés of the defendant corporation for any of the purposes aforesaid or otherwise than in the lawful and proper business of the company; (4) from attempting or seeking to procure the execution of, and from circulating by mail or otherwise, any of the aforesaid marked ballots containing policy numbers; and (5) from attempting or seeking by any other means than sending to the policy holders the statement of nominations, proxy, and envelope prescribed by statute to obtain the ballots or proxies of any of said policy holders. Plaintiff is a poilcy holder of the defendant corporation, the New York Life Insurance Company, and brings this action on his own behalf and in behalf of all other policy holders of said company, to obtain permanent relief substantially identical with that asked for pendente lite, together with an accounting for any of the defendant corporation's funds diverted, wasted, or misappropriated in the manner alleged. Pursuant to the provisions of section 30, c. 326, p. 787, Laws of · 1906, an election for directors of the defendant corporation will be held on December 18, 1906, the ballots have been distributed therefor, and, as provided for by said law, ballots and proxies for said election have been executed and forwarded since October 18th, the date set for the commencement of such voting,

At this election plaintiff is a candidate for election as a director upon the International Committee ticket. This ticket is nominated in opposition to that which is known as the "Administration ticket," and which by the provisions of said law the present board of directors of the defendant corporation is required to name. As votes and proxies have been received continually since October 18th, and are still being received, and as the date for the declaration of the result of the voting is near at hand, the intervention of the court is sought to prevent a continuance of what are alleged to be unlawful methods of campaigning in behalf of the Administration ticket, summarized in the plaintiff's prayer for relief. The propositions of law governing the granting of the relief sought are well settled. The sole purpose of an injunction pendente lite is to prevent the defendant, during the pendency of the action, from committing, or continuing to commit, an act which would impair or render ineffectual any judgment that the plaintiff might obtain; and, unless the court can see from the papers presented that some injury may result to the plaintiff unless the injunction be granted, the application for it will always be denied. This rule was clearly stated by Allen, J., in People v. Canal Board, 55 N. Y. 390. He said:

"To entitle a plaintiff to prohibition by injunction by a court of equity, either provisional or perpetual, he must not only show a clear legal and equitable right to the relief demanded, or to some part of it; and to which the injunction is essential, but also that some act is being done by the defendant, or is threatened and imminent, which will be destructive of such right or cause material injury to him."

In short, to justify the granting of the motion for a temporary injunction, the plaintiff must establish that the defendant, unless restrained, will do some act during the pendency of the action which will produce injury to the plaintiff, or that he threatens to do some act in vio-

lation of the plaintiff's right incident to or connected with the subject
matter of the action. Clark v. Herbert Booth King & Bro. Pub. Co.,
40 App. Div. 408, 57 N. Y. Supp. 975.

It may be said at the outset that the allegations of the complaint are
all directly and flatly controverted by the answer herein. Taking up
seriatim the alleged acts against which a temporary injunction is
asked, the first three are that a campaign is being conducted at the
expense of the defendant corporation for the election of the Adminis-
tration ticket; that the money of the company is being spent in the dis-
tribution of marked ballots, circulars, and other literature; and that
the time of the employés of the company is being used in behalf of the
so-called Administration campaign. Plaintiff has been unable to sub-
stantiate these charges by proof. The allegations of his complaint
are in large part made on information and belief, and entirely so as to
the charges of improper conduct on the part of defendant corporation.
Many of the statements in his affidavit and that of his supporting af-
fidavits, while in form statements of fact, are in reality only state-
ments of his conclusions, surmises, or opinions. In his affidavit, plain-
tiff says:

"In view of the fact that the defendant corporation has upwards of 800,-
000 policyholders, a large portion of whom are residents of the United
States and Canada, it is impossible to believe that agents of the company are
carrying on a campaign at their own expense or otherwise than at the ex-
pense of the company."

Yet no evidence is adduced by him, or on his behalf, that the
company has spent any of its funds in this so-called campaign. On
the contrary, it affirmatively appears that the defendant corporation
has opened in its books a special account for the expenses incurred in
complying with the law governing this election, which is the first one
held by this company under the law of 1906. A statement in full of
the items appearing in said account has been made by the comptroller,
with the date and purpose of every payment. Nowhere in said state-
ment is there an item which could properly be termed an expense for
campaigning nor for assisting in the success of the Administration
ticket. Large numbers of circulars have been introduced in evidence
as exhibits which were sent out in various states to policy holders by
agents of the defendant company, soliciting votes for the Administra-
tion ticket, and inclosing what is called by plaintiff a "marked ballot,"
which means a ballot prepared for voting in favor of the Administra-
tion ticket. It is affirmatively established that, so far from being
sent out at the expense of the company, those circulars are being
sent out by agents on their own initiative and at their own expense.
Plaintiff charges on information and belief that these circulars were
printed at the home office of the defendant company, but this is dis-
proved by the affidavit of Van Wart, in charge of its printing office,
showing that not one of the circulars complained of was printed
therein.

Furthermore, it is established from the affidavits submitted that
neither the money of the defendant company nor the time of its em-
ployés during business hours has been devoted in any manner, shape,
or form to the election of the Administration ticket, nor to the dis-

tribution of so-called "marked ballots" in aid thereof, nor to the solicitation of votes or proxies for the said ticket, nor have advances to agents been made to induce their activity therefor. This is overwhelmingly demonstrated by the affidavits of 6 executive officers of the defendant company, of 24 heads of departments thereof, of 2 inspectors of agencies, of 5 agency directors, of 32 cashiers, and of 86 soliciting agents located in some 10 different states. Plaintiff does not claim that the defendant company's employés may not use their efforts for whatever ticket they think best calculated to promote the company's interests, so long as such activity is ·had outside of their hours of employment and without expenditure of the company's moneys. So far as the fourth series of acts complained of, being the circulation of so-called "marked ballots" with the policy holders' number written in, is concerned, there is no proof whatever connecting the specific cases enumerated with the defendant corporation, and it affirmatively appears that the number upon a policy of insurance is not confidential and reserved to the home office and the policy-holder, but is known, and in the nature of the transaction must be known, to the agents through whose hands the application and policy pass.

Finally I have examined carefully the complaint and affidavits to see if any ground existed for the fifth class of acts complained of for any relief pendente lite under the general prayer, and I am unable to discover satisfactory proof of any act, attempted or threatened, upon the part of the defendant corporation, which would entitle plaintiff to a temporary injunction. The motion is therefore denied.

Motion denied.