The order must be reversed, with $10 costs and disbursements, and the motion for a substitution denied, with $10 costs. All concur.

=======

## CLARK v. HERBERT BOOTH KING & BRO. PUB. CO.

(Supreme Court, Appellate Division, First Department.   May 5, 1899.)

CREDITORS' SUITS—TEMPORARY INJUNCTION.

Under Code Civ. Proc. § 1876, authorizing, in a judgment creditor's action, a temporary injunction to restrain delivery to a judgment debtor of any property liable to the satisfaction of the judgment, where it appears that such action would produce injury to plaintiff, an application therefor is insufficient which fails to show the debtor has disposed of any of his property, or has done or is about to do anything to prevent the enforcement of the judgment.

Appeal from special term, New York county.

Suit by Charles S. Clark against the Herbert Booth King & Bro. Publishing Company.   From an order denying a motion for a temporary injunction and for a receiver pendente lite, plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Andrew Gilhooly, for appellant.
Thaddeus Kenneson, for respondent.

McLAUGHLIN, J.   Upon affidavits and a verified complaint, the plaintiff moved for a temporary injunction and for the appointment of a receiver pendente lite.   The motion was denied, and the plaintiff has appealed.

The action was brought as a judgment creditor's action, under sections 1871 to 1879, and the injunction was sought under section 1876, of the Code of Civil Procedure.   Section 1876 provides that a temporary injunction restraining the transfer to any person, or the payment or delivery to the judgment debtor of any money, thing in action, or other property or interest, which may, by the provisions of the article relating to judgment creditors' actions, be applied to the satisfaction of the sum due the plaintiff, may be granted in the action; but the injunction, and the proceeding before and after it is granted, is governed by the provisions of article 1 of title 2 of chapter 7 of the Code of Civil Procedure, for which purpose the injunction is deemed to be one of those specified in section 603.   Section 603 provides that "where it appears from the complaint, that the plaintiff demands and is entitled to a judgment against the defendant, restraining the commission or continuance of an act, the commission or continuance of which, during the pendency of the action, would produce injury to the plaintiff, an injunction order may be granted to restrain it."   Section 604 provides for the granting of an injunction where the right thereto depends upon facts established by affidavits.   Section 607 provides that "the order may be granted where it appears to the court or judge by the affidavit of the plaintiff, or any other person, that sufficient grounds exist therefor."   It has been held that this section is as ap-

plicable to an injunction granted under section 603 as it is to one granted under section 604. Cushing v. Ruslander, 49 Hun, 19, 1 N. Y. Supp. 505; Chatterton v. Kreitler, 2 Abb. N. C. 453. It makes no difference, therefore, under which of the two sections an injunction may be granted; the fact that "sufficient grounds exist therefor" must be shown by affidavits. The word "affidavit," as used in the Code, includes a verified pleading in an action, or a verified petition or answer in a special proceeding. Section 3343, subd. 11. Therefore a verified complaint, where an injunction is granted under section 603, may be considered as an affidavit, under section 607, which requires that the ground for the injunction must appear by affidavit. When a complaint is thus used, however, the evidential force of it must be tested by the same rule that is applied to other affidavits, which is that only such allegations as are sworn to positively, or, if stated on information and belief, where the source of the information and grounds of the belief are given, can be taken as true.

Treating the complaint in the case before us as an affidavit, it, in connection with the other affidavits, established the following facts: That the defendant is a foreign corporation, doing business and having an office for the regular transaction of business in this state; that the plaintiff, prior to the commencement of this action, recovered a judgment against the defendant for $426.78; that the judgment roll was filed and judgment docketed in, and execution issued thereon to the sheriff of, the county of New York; that the execution was returned wholly unsatisfied, and the judgment remains unpaid, except that the sum of $100 has been paid to apply thereon; that for several years the defendant has owned and published in the city of New York a monthly periodical called "Fashions"; that it is engaged in such city in the printing business, in connection with which it has a large amount of personal property, consisting of printing presses, paper-cutting machines, tools, etc., worth at least $15,000; that in June, 1898, it made a mortgage to the Colonial Trust Company to secure the payment of such bonds as it might thereafter issue, not exceeding $20,000 in amount; that the plaintiff does not know and cannot learn the amount of bonds that have been issued under this mortgage; and that on a certain day the office of the defendant was closed between 2 and 3 o'clock in the afternoon. Certain other allegations are made, on information and belief, to the effect that the periodical called "Fashions" is of the value of not less than $20,000, and that the defendant has debts due to it in an amount of not less than $5,000, but no grounds for the belief are stated, further than that the debts appear upon the books of the defendant, which the plaintiff has been unable to see or examine. But, assuming that all the facts alleged are correctly and sufficiently stated, even then the plaintiff was not entitled to an injunction, much less to the appointment of a receiver. It is nowhere alleged that the defendant, either prior or subsequent to the commencement of the action, has disposed of any of its property, or has done, or is about to do, anything to prevent the plaintiff enforcing the payment of his claim. Indeed, it is not even suggested that the defendant has at any time even threatened to do anything to the prejudice or injury of the plaintiff. In fact, the moving papers absolutely fail to estab-

lish what the Code requires before an injunction can be granted, namely, the commission or continuance of some act which may produce injury to the plaintiff.    The sole purpose of an injunction pendente lite is to prevent the defendant, during the pendency of the action, from committing, or continuing to commit, an act which would impair or render ineffectual any judgment that the plaintiff might obtain; and unless the court can see, from the papers presented, that some injury may result to the plaintiff unless the injunction be granted, the application for it will always be denied.    This rule was clearly stated by Allen, J., in People v. Canal Board of New York, 55 N. Y. 390.    He said:  "To entitle the plaintiff to prohibition by injunction from a court of equity, either provisional or peremptory, he must not only show a clear legal and equitable right to the relief demanded, or some part of it, and to which the injunction is essential, but also that some act is being done by the defendant, or is threatened and imminent, which would be destructive to such right or cause material injury to him."    In short, to justify the granting of the motion for a temporary injunction, the plaintiff must establish that the defendant, unless restrained, will do some act, during the pendency of the action, which will produce injury to the plaintiff, or that he threatens to do some act in violation of the plaintiff's right incident to, or connected with, the subject-matter of the action.    The moving papers, as we have already seen, did not establish that the defendant had done, or threatened or was about to do, any act which would injure the plaintiff, or tend in any degree to render ineffectual the judgment which he might obtain, and for that reason the motion was properly denied.

The order appealed from must be affirmed, with $10 costs and disbursements to the respondent.    All concur.