(March 15, 1900.)

IN RE FRANCIS.

[60 Pac. 561.]

PROHIBITION.—Upon application for a writ of prohibition, the petition must show all the facts necessary to entitle the petitioner to the writ, and, if it does not, the writ will be denied.

(Syllabus by the court.)

An original proceeding. Application for writ of prohibition.

George W. Goode, for Petitioner, files no brief.

QUARLES, J.—The petition for the writ of prohibition applied for in this proceeding attacks the validity of the act of March 4, 1893, relating to cities and villages, on the ground that it was not constitutionally passed. It also attacks the in-

corporation of the village of Grangeville, in Idaho county, on the ground that it was incorporated under said void act, and for the further reason that it does not appear from the order made by the board of commissioners incorporating said village that the petition praying for such incorporation was signed by a majority of the taxable male inhabitants residing within the boundaries of said village. It also attacks the validity of a certain ordinance passed by the trustees of said village, May 15, 1899, imposing certain license tax upon various callings and kinds of business. If it be true that said act of March 4, 1893, be void, as contended by the petitioners (which we do not decide), still the writ prohibiting the trustees of said village from collecting license taxes from the petitioners must be denied, for the following reasons: By the provisions of section 2224 of the Revised Statutes, boards of county commissioners are authorized to incorporate a village when a majority of the taxable male inhabitants of such village shall petition therefor. There is nothing in the petition before us that negatives the fact that the petition for the incorporation of said village was signed by a majority of the taxable male inhabitants of said village. Section 2 of article 12 of the constitution provides that "any county or incorporated city or town may make and enforce within its limits, all such local, police, sanitary and other regulations as are not in conflict with its charter or with the general laws." This provision of the constitution seems to authorize the enactment of the ordinance complained of by the petitioners, and certainly does so, unless there is something in the charter of said village, or in some general law prohibiting said village from passing said ordinance. There is nothing in the charter of said village preventing it from passing said ordinance, and our attention has not been called to any general law prohibiting the passage of said ordinance. By subsection 5, section 2230 of the Revised Statutes, express authority was granted villages to license dramshops and certain kinds of business. That part of the petition which refers to the license taxes, the collection of which is sought to be prohibited, is paragraph 6 of the petition, which is as follows: "That during the year 1899 all of the taxable property, both real and personal, within the limits of the said village of

Grangeville was assessed for nine (9) mills on the dollar on the actual value of the said property by the county assessor of Idaho county, for the benefit of the said village, and most of said taxes have been collected and paid to the treasurer of said village, and, notwithstanding such assessment, the said board of trustees and the officers of the said village continue to enforce the said ordinance as to some of the residents and business men of said village, and the said board of trustees, said attorney and clerk, and the other officers of said village, are about to enforce the said pretended ordinance against your petitioner and George Baker, Briley & Co., C. A. Conn, W. D. Gillette, G. H. Arnold, H. Havernick, Wm. Filbert, P. D. Camphius, A. D. Foster, Chas. G. Wolop, Conn Sullivan, Geo. W. Goode, Wm. Von Berge, Wm. Shellabarger, ——, the other persons for whom this petition is made, and threaten to prevent the said persons from carrying on their respective business within the said village, all of whom are carrying on some necessary and legitimate business within the said village mentioned in the said ordinance; and the said officers threaten further to cause the arrest of said persons under the said ordinance, and prosecute them in the municipal court of said village, if they do not pay the license tax mentioned in said ordinance, and, unless prohibited by this court, the petitioners and the other persons named in this petition, for whose benefit the same is made, will be prevented from carrying on their respective business within the said village, and the said trustees, attorney, clerk, or some oher officer of said village will cause the arrest of said persons, and cause them great expense and annoyance in presenting their defense to the courts of this state; that your petitioner, and all of the persons named herein, are now carrying on within the limits of the said village a useful and necessary business, and your petitioner and the other persons named gain their livelihood thereby." The petition does not set forth the license taxes which said village is about to collect, and the collection of which is sought to be prohibited. The petition is defective, and does not state a cause of action. To authorize the issuance of the writ of prohibition, the petition therefor must state and show all the facts necessary to entitle the petitioner to such writ. For the forego-

ing reasons, the alternative writ demanded should be denied; and it is so ordered.

Huston, C. J., and Sullivan, J., concur.