STATE EX REL. EXAMINING AND TRIAL BOARD ET AL., RELATORS, *v.* JACKSON, DISTRICT JUDGE, RESPONDENT.

(No. 4,624.)

(Submitted April 30, 1920. Decided May 24, 1920.)

: [190 Pac. 295.]

*Prohibition—Metropolitan Police Law—Dismissal of Officer— Certiorari—Examining and Trial Board—Record.*

. Prohibition—Person "Beneficially Interested"—Conclusions.
  1. Unless facts are shown by relator in his affidavit on application for writ of prohibition that he is beneficially interested, his bare assertion that he is so interested is a legal conclusion and insufficient.
Same—City Officers—Persons "Beneficially Interested."
  2. *Held,* that the mayor of a city and the members of the examining and trial board of its police department as such were "beneficially interested," within the meaning of section 7228, Revised Codes,

in their application for writ of prohibition to stay *certiorari* proceedings instituted by a discharged police officer to review the board's action, which latter writ commanded relators, among other things, to return to the district court a transcript of the testimony introduced before them, which they claimed to be unable to do.

[As to when prohibition will lie against council or executive officer of municipal corporation, see note in 20 **Ann. Cas.** 962.]

Metropolitan Police Law—Examining and Trial Board—Removal of Officer—*Certiorari.*

3.  *Certiorari* lies to review the action of the examining and trial board of the police department of a city in discharging an officer under the provisions of the Metropolitan Police Law, if the complaint on which he was tried did not state facts sufficient to constitute the offense with which he was charged, or, the complaint being sufficient, if there was no substantial evidence tending to prove the charges.

Same—*Certiorari*—Insufficiency of Petition—Conclusions.

4.  Where the application of a discharged police officer for writ of *certiorari* running to the examining and trial board contained neither a copy of the complaint in support of his assertion that it was insufficient nor a *résumé* of the testimony to show failure of proof, and his affidavit stated only legal conclusions, the court was without jurisdiction to issue the writ.

*Certiorari*—Insufficiency of Affidavit—Motion to Quash Proper.

5.  Though the Codes make no provision for a motion to quash a writ of *certiorari* for insufficiency of the affidavit filed in support of the application, the motion is a proper method for testing the sufficiency of the pleading.

Prohibition—Writ Lies, When.

6.  Under the rule that prohibition lies not only to prevent what remains to be done, but to undo what has been done, the writ will run to stay proceedings under *certiorari* improperly issued on an affidavit lacking the essentials to give the district court jurisdiction.

Same—Lies When Remedy by Appeal Insufficient.

7.  Relief by writ of prohibition is proper where, though an appeal lies, the district court cannot, for lack of jurisdiction, render a valid judgment under any conceivable circumstances.

Metropolitan Police Law—Trial of Officer—Record of Testimony—*Certiorari.*

8.  Since the examining and trial board of the police department of a city is not, under the Metropolitan Police Law, required to make or keep a record of the testimony produced before it on the trial of an officer charged with misconduct, the district court was without authority to command it, on *certiorari*, to return *inter alia* a transcript thereof to aid in determining whether the evidence was sufficient to warrant an order of removal.

*Certiorari*—Scope of Writ.

9.  *Certiorari* lies only to determine whether a tribunal exercising judicial functions has exceeded its jurisdiction or authority.

Metropolitan Police Law—Removal of Officer—Insufficiency of Evidence—*Certiorari.*

10.  *Certiorari* *held* ineffectual for the purpose of determining whether an examining and trial board of a city police department exceeded its jurisdiction in that it removed an officer on insufficient evidence, since the board is not required to make or keep a record

of the testimony produced before it and therefore cannot be compelled, under the writ, to make return thereof.

Same—Remedy of Officer Dismissed by Examining and Trial Board.
11. *Semble:* It would seem that the remedy available to a police officer dismissed from the force by the examining and trial board of the department, after trial, on alleged insufficient evidence, is an independent suit in equity to set aside its order on the ground that its findings on which the order was based was not supported by the proof.

Original application by the State of Montana, on the relation of the Mayor and the Examining and Trial Board of the Police Department of the City of Butte, for a writ of prohibition directed to the District Court of the Second Judicial District for the County of Silver Bow. Motion to quash alternative writ overruled, and peremptory writ granted.

*Mr. R. L. Clinton* and *Mr. C. F. Juttner,* for Relators, submitted a brief; *Mr. Clinton* argued the cause orally.

*Mr. Ed. Fitzpatrick* and *Messrs. Canning & Geagan,* for Respondent, submitted a brief; *Mr. Fitzpatrick* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Prohibition to stay the action of respondents on writ of *certiorari* issued against relators at the instance of one James Burns, discharged police officer of Butte.

The affidavit of relators recites that proceedings were commenced against Burns, charging acts constituting conduct unbecoming a police officer, notice given and hearing had as required by law, findings of the board sustaining the charges, and dismissal by the mayor. Thereupon Burns applied to the respondent court for a writ of *certiorari,* which was issued commanding relators to certify and return to said court a full transcript of the record of the hearing, including all exhibits and all testimony offered on the hearing. Relators appeared and moved to quash the writ for insufficiency of the affidavit, lack of jurisdiction in the court, and that the court had

exceeded its authority in ordering a tribunal not a court of record to return a transcript of the testimony taken. The motion was denied. Respondents move to quash the alternative writ of prohibition on the grounds:

(1) That it does not appear from the affidavit upon which the writ was issued that relators are entitled to any relief by writ of prohibition or at all.

(2) That the facts set forth in said affidavit and application are not sufficient to authorize the issuance of the writ.

1. It is contended that there is no allegation or statement in the affidavit that relators are the persons beneficially interested, nor does it appear therefrom that they are so interested, nor that the same was made on behalf of the city of Butte.

Section 7228 of the Revised Codes provides that the [1] writ may be issued "upon affidavit on the application of the person beneficially interested." A statement in the affidavit that relators are persons beneficially interested would be but a legal conclusion, and, if made, would not be sufficient, in the absence of a statement of facts showing the correctness of the conclusion. (*State* v. *Ellis,* 47 La. Ann. 1602, 18 South. 636.) The affidavit and application must show facts from which the court can determine the questions involved. (*Dakan* v. *Santa Cruz Superior Court,* 2 Cal. App. 52, 82 Pac. 1129; *In re Francis,* 7 Idaho, 98, 60 Pac. 561; *Clifford* v. *Parker,* 13 Wash. 518, 42 Pac. 717.) In determining whether the relators are entitled to the writ, the court will look to the allegations of fact rather than for the recital of conclusions on the subject.

While the application here is made only by the mayor and [2] the examining and trial board of the police department of the city, it must be remembered that they are officers sworn to protect the interests of the city, and are the respondents in the very proceeding which they are seeking to have stayed, and it cannot be said that they are not parties in substance, or that they will not derive benefit from the issuance of the writ; on the contrary, it would seem that relators are vitally

interested, as officials of the city, in determining whether they shall be compelled to reinstate an officer to thereafter work with and under them, after they have, in their official capacity, determined that he is unfit for the position.

In the case of *State* v. *Superior Court,* 4 Wash. 30, 29 Pac. 764, the supreme court of Washington held that a county attorney, whose duty it was to protect the treasury of the county, was entitled to apply for the writ to prevent illegal disbursements, stating: "We think it would be a strained construction of the proprieties to hold that the officer whose duty it is made by statute to represent the state and county * * * should not upon his own oath state the facts which constitute the basis of this proceeding. * * * Prohibition is said to be the converse of *mandamus,* but the same degree of strictness as to parties is not maintained." (Citing High on Extraordinary Remedies, 764, 779.)

This case, in our judgment, presents an entirely different question from that decided in *State ex rel. Hackshaw* v. *District Court,* 48 Mont. 481, 138 Pac. 1100, where it was held that the board of county commissioners were not beneficially interested in the subject matter of an appeal from their order granting a saloon license. There the question was as to a private right or privilege, while here the best interest of the city, which relators are sworn to uphold, is involved. Further, the relators are directly affected by the order of the court compelling them to make return of a transcript, which they allege they cannot do, and which would, if effective, require them to thereafter employ a stenographer and make a transcript of the testimony in all proceedings before the board.

2. The affidavit recites the official status of relators; the filing of charges against Burns, notice to him of the time and place of hearing, his plea to the complaint and the hearing, findings and order of discharge of the officer. It sets out the complaint in full. It then recites the application of Burns for the writ of *certiorari,* setting out his affidavit in full; the writ issued out of the district court, their motion to quash the

same, and the order overruling the motion. It then recites the fact that said board is not a court of record, and never had in its possession or under its control any transcript of the testimony, that relators have no plain, speedy and adequate remedy at law, and that the trial court is proceeding and will proceed without jurisdiction. While these latter statements are in the nature of conclusions, relators have set out, in their affidavit, all of the facts from which the conclusions may be drawn, and, if, as alleged, the respondent court was without jurisdiction to issue the writ complained of, in the first instance, and it further appears that the relators have no plain, adequate and speedy remedy in the ordinary course of law—which questions will be considered later—the relators were entitled to the alternative writ, and the motion to quash should be overruled.

In addition to the motion, respondents filed their answer to the allegations of the application, which joins issue on the questions of law involved, and we will now consider such questions as are properly presented.

3. The relators' first contention is that the petition filed in [3, 4] the court below, and on which the writ of *certiorari* was issued, shows on its face that the board had jurisdiction of the party, and regularly pursued each and every statutory step required under the Metropolitan Police Law in order to invest it with jurisdiction. A careful examination of the affidavit of Burns, a copy of which is attached to the application here, discloses such to be the fact; but if, as is contended on behalf of Burns, the complaint on which he was tried before the board did not state facts sufficient to constitute the offense with which he was charged, or if, as alleged, there was no substantial evidence offered tending to prove the charges, even though the charges filed were sufficient, the writ issued by respondent court would lie, and relators here would not be entitled to the relief sought in this court. However, the application contained neither a copy of the complaint nor a *résumé* of the testimony, and the district court was in no position to

pass upon the sufficiency of the complaint or the substantiality of the evidence.

4. The second ground urged is that affiant's showing was not sufficient to entitle him to the writ of *certiorari;* that his affidavit contained no facts, "but only a mass of legal conclusions." The affidavit gives no intimation as to what were the charges preferred in the complaint against him, nor does it set out facts to support the conclusions that "the complaint does not state facts sufficient to constitute the charge"; that "no substantial evidence whatever was introduced or produced," or that "the said board and mayor failed to comply with or see that all the essential requirements of law in said proceeding had been fully complied with," but required the court to accept the bald conclusions quoted in order to determine the question of its jurisdiction to issue the writ. Respondents now contend that, whether such determination was correct or not, the action of the district court is conclusive, as "the only purpose of the writ is to move the reviewing court to act. When the writ issues the affidavit becomes *functus officio.* (*State ex rel. First Trust & Sav. Bank* v. *District Court,* 50 Mont. 259, 146 Pac. 539.) But counsel mistakes the purport and application of the language quoted; it was used by the court in connection with the declaration that the affidavit "is not a pleading, and its averments cannot be traversed by any other pleading." Its averments are taken as true, and cannot be denied; but the court does not intimate that the sufficiency of those averments cannot be questioned, either on appeal or in appropriate proceeding for that purpose; the court in fact stated: "The writ of review is issued upon a proper affidavit by a party beneficially interested. (Sec. 7204, Rev. Codes.)" If the affidavit is lacking in the essentials, it is as though no affidavit was filed.

Respondents, however, contend that the question cannot be [5] raised, as our statute makes no provision for a demurrer or motion to quash. They, therefore, contend that the only

course open, on the issuance of the writ, is to make the return commanded, and cite in support of their contention the case of *Garrison* v. *Malheur County Court,* 54 Or. 269, 101 Pac. 900, decided under a similar statute. There, it is true, we find the statement: "The statute makes no provision for demurrer or motion to quash. When the writ issues, the inferior court has no alternative but to send up its return, and the hearing is then had upon the inspection of the writ and the return, and no demurrer or motion is necessary." But that portion of the opinion immediately preceding the quotation explains the language used, as follows: "Counsel for appellant ingeniously argues that respondents, having made a full return to the writ in the court below, without interposing any motion to quash or any demurrer on account of defects of parties, are precluded from raising that question, and will be held to have waived it." Even though it be conceded that the case cited sustains the contention of respondents, the supreme court of Oregon has, in the later case of *Drummond* v. *Miami Lumber Co.,* 56 Or. 575, 109 Pac. 753, followed the general rule on the subject. The court there declares: "As authoritatively settled in this state, it is essential to the availability of a proceeding by writ of review that the petition state facts sufficient to authorize the issuance of the writ, the inadequacy of which statement is fatal to the proceeding. This makes it necessary, in the case before us, to examine only the petition presented by the record, the competency of which is assailed by *proper motion."* (Italics ours.)

The rule is thus stated in 11 Corpus Juris: "The application must also set out with reasonable certainty, but not necessarily such certainty as rebuts every conclusion to the contrary, facts, and not merely conclusions of law, showing illegal action below and consequent injury, so that the court may see, assuming the petition to be true, that there is error." (Page 149.) "Defects in the writ should be taken advantage of by motion or by application to supersede, before filing the return."

(Page 170.) "Insufficiency of the petition for the writ in that its allegations do not show that the petitioner is entitled to the writ, is ground for quashing the writ"—citing numerous cases.

In *Drummond* v. *Miami Lumber Co., supra,* the applicant set up certain facts contained in his complaint in a justice's court, and that a trial was had, and then alleged that: "After hearing the evidence introduced by the respective parties, the said court found the allegations of plaintiff's complaint were true, * * * but wrongfully and unlawfully dismissed plaintiff's complaint and wrongfully and unlawfully rendered judgment against plaintiff." The court said: "Neither the answer * * * nor the averments therein appear in the petition. So far, therefore, as is disclosed by the petition the defendant may have pleaded and established some adequate defense to the action, and that this was done may be inferred from the holding of the court to the effect that there was no cause for instituting the action. If, however, the answer was insufficient for that purpose, or if anything occurred at the trial disclosing irregularities prejudicial to the substantial rights of plaintiff, on account of which it may appear that the judgment was 'wrongfully and unlawfully entered,' it was incumbent upon plaintiff to so state in the petition. * * * We can determine the truth of these assertions only by the facts from which these conclusions are deduced. * * * In other words, as used in the petition, the averments are statements of conclusions only."

In the case before us, as in the *Drummond Case,* the averments in the petition, or affidavit, are statements of conclusions only, and, in the absence of allegations of fact from which the conclusions may be drawn, it may be inferred from the findings of the board that the complaint was sufficient and the evidence substantial and convincing. The petition was wholly insufficient, and the lower court was therefore without jurisdiction to issue the writ.

5. It is contended that, the court having acted in the issu-
[6]  ance of the writ, prohibition will not lie to require the

undoing of that which has been done; but the rule is that: "Where anything remains to be done by the court, prohibition will give complete relief, not only by preventing what remains to be done, but by undoing what has been done." (32 Cyc. 630, and cases cited in note 6.) Relators exhausted their remedy in the court below by presenting the question on their motion to quash, thus giving that court an opportunity to correct its error in the issuance of the writ, and are properly before this court for relief.

6. Respondents contend that the writ of prohibition does not **[7]** lie because of the fact that relators have a remedy by appeal from any judgment finally rendered, citing *State ex rel. Browne* v. *Booher,* 43 Mont. 569, 118 Pac. 271. This question is, however, disposed of by the decision in the case of *State ex rel. Lane* v. *District Court,* 51 Mont. 503, 508, L. R. A. 1916E, 1079, 154 Pac. 200, 202, as follows: "It is urged that the remedy by appeal from an adverse final judgment is available to the relator, and that the writ of prohibition should be denied for that reason. While our Code provides that the existence of a remedy by appeal will defeat the right to relief by *certiorari* (Rev. Codes, sec. 7203), the like provision is not found in the section applicable to the writ of prohibition. Unless the remedy by appeal, or by other proceeding, is plain, speedy, and adequate, relief by prohibition may be granted in a proper case. (Rev. Codes, sec. 7228.) The existence of a remedy by appeal does not necessarily defeat the right to relief by prohibition. (*State ex rel. Marshall* v. *District Court,* 50 Mont. 289, Ann. Cas. 1917C, 164, 146 Pac. 743.) An application of this character is addressed to the sound discretion of this court (*State ex rel. Mackel* v. *District Court,* 44 Mont. 178, 119 Pac. 476); and whenever it is made to appear, as in this instance, that under no conceivable circumstances can the district court render a valid judgment because of a lack of jurisdiction, the discretion should be exercised in favor of issuing the writ, to the end that litigants

may be saved the needless trouble and expense of prosecuting their litigation to a fruitless judgment."

The district court and the litigants should know at once that the court is without jurisdiction to proceed in the matter before it, to the end that, if the discharged officer is entitled to reinstatement, proper proceedings to that end may be instituted without the unnecessary delay attendant upon final determination of a proceeding which can determine no issue.

7. Is *certiorari* the proper proceeding? Under sections 6238 [8] and 6249, Revised Codes, the court of impeachment, the supreme court and the district courts of the state, and only those courts, are courts of record. In no other tribunal exercising judicial functions can the magistrate, person or board officiating be compelled, in the absence of a special statutory requirement, to make or keep a record of the testimony. There is no such provision in our Metropolitan Police Law (sec. 3308, Rev. Codes), and if, on such a hearing, a stenographer is employed and does take the testimony, such employment is without warrant of law, and the record of the testimony is unofficial, and could be used thereafter only by mutual agreement or stipulation, as was done in the case of *State ex rel. Griffiths* v. *Butte,* 57 Mont. 368, 188 Pac. 367. The court here was without authority to command the board to return the transcript, if one was made, and it does not appear from the application for the writ of *certiorari* that the board had or could obtain such a transcript.

The writ of *certiorari* can only require a return of "a transcript of the record of the proceedings" (sec. 7206), which would properly include only the complaint filed, the notice given, with all minute entries made concerning the same and concerning the motion and plea of the defendant, the setting of the matter for hearing, the formal entries of the hearing, the findings of the board, and the final order disposing of the matter and removing the officer. Our statute provides that, on such a hearing: "The decision of the board shall be final and conclusive, and shall not be subject to review by any

court, on question of fact. The district court of the proper
county shall have jurisdiction, however, in a suit brought by
the officer or member, to determine whether the essential re-
quirements of law have been complied with in the matter of
his trial." (Sec. 3308, Rev. Codes.)

In the case of *Weston* v. *Charleston,* 2 Pet. 464, 7 L. Ed.
481, quoted in *Kohl* v. *United States,* 91 U. S. 367, 23 L. Ed.
449 [see, also, Rose's U. S. Notes], Chief Justice Marshall
said: "The term [suit] is certainly a very comprehensive
one, and is understood to apply to any proceeding in a court
of justice, by which an individual pursues that remedy
* * * which the law affords him." The term, as used in
our statute, would, therefore, include the proceedings insti-
tuted in the lower court. However, the writ can only be em-
[9] ployed to determine whether a tribunal exercising judi-
cial functions has exceeded its jurisdiction or authority.
(*State ex rel. Allen* v. *Napton,* 24 Mont. 450, 62 Pac. 686;
*State ex rel. King* v. *District Court,* 24 Mont. 494, 62 Pac.
820; *State ex rel. B. & M. etc. Min. Co.* v. *District Court,* 22
Mont. 241, 56 Pac. 281; *State ex rel. Harris* v. *District Court,*
27 Mont. 280, 70 Pac. 981.)

As the record in the instant case would contain no tran-
[10, 11] script of the evidence, it would seem that the writ
would be ineffectual, since the only ground on which excess of
jurisdiction could be urged is that the evidence was insuffi-
cient to warrant the findings of the board. And it would
seem, therefore, that the manner in which the question could
be reached would be by an independent suit in equity to set
aside the judgment or order on the ground of the insufficiency
of the evidence to warrant the findings on which such judg-
ment or order is based, in which suit, the facts being prop-
erly pleaded, evidence could be introduced to establish what
testimony was given before the board.

The motion to quash the alternative writ will be overruled,
and the peremptory writ, as prayed for, will issue, staying

further action of respondents, and directing the dismissal of the proceedings.

*Writ granted.*

Associate Justices Holloway, Hurly and Cooper, concur.

Mr. Chief Justice Brantly, being absent, takes no part in the foregoing decision.