STATE EX REL. JOHNSTON, RELATOR, *v.* DISTRICT COURT, RESPONDENT.

(No. 7,118.)

(Submitted January 30, 1933. Decided February 14, 1933.)

[19 Pac. (2d) 220.]

440

*Mr. Miles J. Cavanaugh* and *Mr. H. C. Hopkins,* for Relator, submitted a brief and argued the cause orally.

*Mr. Lester H. Loble, Mr. Hugh R. Adair, Mr. William B. Frame* and *Mr. M. J. Doepker,* for Respondent, submitted a brief; *Mr. Adair* and *Mr. Frame* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Original proceeding on writ of review. On the application of Alex J. Johnston, made on his affidavit filed January 18, 1933, this court caused a writ of review to issue commanding the district court of Silver Bow county to certify up its transcript of the record and proceedings in the matter of the

estate and guardianship of Jennie S. Frankfort, an insane person, and in the matter of the petition to revoke the probate of the will of one Harriet Armstrong, deceased.

On the return day, January 30, 1933, the respondent court filed written motion to quash the writ and, without waiver thereof, made proper return to the writ. From the record thus made, the following facts appear:

Harriet Armstrong died testate at Butte in 1931; by will she left the residue of her estate to Alex J. Johnston and Jennie S. Frankfort, share and share alike, and named Johnston executor. Jennie S. Frankfort and Harriet Armstrong were sisters. The will was admitted to probate and Johnston was appointed on December 26, 1931; Johnston duly qualified and has discharged the duties of executor since his appointment; he gave ten months' notice to creditors on December 31, 1931.

On October 29, 1932, being within two days of the expiration of the time for filing of claims against the Armstrong estate, one George Seifred filed a petition for the appointment of himself as guardian of the estate of Jennie S. Frankfort, reciting that she resides in Michigan and for years past has been, and now is, insane and wholly incompetent to transact business or look after her property, and that she has claims against the Armstrong estate which must be presented before October 31, 1932; that she has no relatives or persons interested in her estate in Montana, other than petitioner, who is a friend. It is then recited that in December, 1931, one Elizabeth Boyd was appointed by a probate court in Michigan as guardian of the person and estate of Jennie S. Frankfort, incompetent, but that the guardian died on October 1, 1932, and on October 11 George T. Stears was duly appointed and qualified as guardian of "the person and estate" of Jennie S. Frankfort. It is then recited that Stears, as guardian, does expressly waive any and all notice, personally and for his ward.

A hearing was had on the petition forthwith and evidence adduced supporting the allegations of the petition. Peti-

tioner introduced in evidence an exemplified copy of the appointment of Stears and a telegram waiving notice of the hearing. At the close of the taking of testimony the court, Judge William E. Carroll presiding, made an order in which the facts, as above recited, are found to be true and, as a conclusion of law, declared that notice of the hearing had been duly waived and need not be given, and that prompt action is imperative, followed by the order that "no notice of the hearing of said petition need be given," and that Seifred "be and he is hereby appointed guardian of the estate of said Jennie S. Frankfort, an insane person." Letters were thereupon issued and Seifred filed his oath of office.

Thereafter, on December 24, 1932, Stears and Seifred, as guardians, joined in a petition filed in the Armstrong estate, for the revocation of the probate of the Armstrong will. Stears signed the petition as guardian of the "person and property" and Seifred as guardian "of the property" of the incompetent Jennie S. Frankfort. However, the exemplified copy of Stears' appointment in Michigan discloses that he was merely appointed "special guardian of the estate of Jennie S. Frankfort, incompetent."

On the petition to revoke the will, a citation was issued to this relator, as executor of the will of Harriet Armstrong, who appeared on January 12, 1933, by motion to quash on the ground of lack of capacity on the part of Jennie S. Frankfort to sue, and the invalidity of the appointment of Seifred as her guardian, and served written demand upon counsel to produce their authority to proceed against the probate of the will. All proceedings were then stayed until February 4, 1933. Thereupon the executor made application for the writ of review herein issued, seeking that the order appointing Seifred guardian be set aside and the proceeding to revoke the will "based upon said void order" be dismissed.

Urging the motion to quash the writ, counsel for respondent insist that the right of the relator to the writ must rest solely upon his beneficial interest in the Jennie S. Frankfort estate, or lack thereof, and seek to eliminate consideration of

the Armstrong estate entirely, but, as noted above, the application for the writ, and the writ itself, challenge the jurisdiction of the court over the interwoven estates of the two sisters, Frankfort and Armstrong.

The affidavit of relator alleges that he is a party beneficially ▮▮▮▮▮ interested in the Jennie S. Frankfort estate, but this allegation does not aid us. It is but a legal conclusion; in order to be availing, the facts from which the conclusion may be drawn must appear in the application for the writ. (*State ex rel. Examining Board* v. *Jackson*, 58 Mont. 90, 190 Pac. 295.)

No showing is made herein connecting the relator with the estate of Jennie S. Frankfort; on the contrary, it is clear that he is only interested in the proceeding instituted by Seifred, as guardian, to revoke the probate of the Armstrong will, wherein he seeks to have the order appointing Seifred declared void. As the personal representative of Harriet Armstrong, the relator is a party beneficially interested in that proceeding (*State ex rel. Bartlett* v. *District Court*, 18 Mont. 481, 46 Pac. 259), and he is vitally interested in sustaining the probate of the will, for therein he is named joint devisee and legatee with Jennie S. Frankfort.

The writ of review will issue only at the instance of a "party beneficially interested" (sec. 9838, Rev. Codes 1921), but this does not require that the applicant be a party to the action or proceeding in which it is alleged the court acted without jurisdiction. "The true rule deducible from the authorities is this: In the exercise of its discretionary authority a court * * * upon the application of any party to a judicial proceeding, or person interested in a proceeding * * * because of some special or peculiar injury to himself in person or property * * * may grant the use of its writ of certiorari to review the same for jurisdictional error." (*State* v. *Chittenden*, 127 Wis. 468, 107 N. W. 500, 509; *Clary* v. *Hoagland*, 5 Cal. 478; *People* v. *Andrews*, 52 N. Y. 445; *State* v. *Rose*, 4 N. D. 319, 58 N. W. 514.)

But even under this exception to the general rule that the applicant must be a party to the proceeding, the relator would not be entitled to the use of the writ to determine the court's jurisdiction to appoint Seifred, as, except for the attempted use of the appointment to attack the Armstrong will in an independent proceeding, no special or peculiar injury could result to relator's person or property by reason of that appointment.

Does the fact that Seifred did institute proceedings to revoke the probate of the Armstrong will entitle the relator to the use of the writ?

If the district court was without jurisdiction to appoint Seifred guardian, of course that court acquired no jurisdiction to pass upon the questions raised by the guardian's petition to revoke the probate of the will. The question for determination—and the only question determinable—under authority of the writ of review is as to whether or not the district court has exceeded its jurisdiction in a proceeding in which the writ may be used. (*State ex rel. Examining Board* v. *Jackson,* above; *State ex rel. Griffiths* v. *Mayor,* 57 Mont. 368, 188 Pac. 367; *State ex rel. Cheadle* v. *District Court,* 92 Mont. 94, 10 Pac. (2d) 586.) The writ is available, however, only to a party beneficially interested in a judgment or order challenged for want of jurisdiction; it is not available in any case unless the cause can be continued and completed in the superior court (11 C. J. 126, and cases cited), and, generally not until the proceeding has terminated and the tribunal has issued an illegal judgment or order (5 R. C. L. 254).

This court has declared that there are three indispensable requisites to the granting of the writ: (1) Excess of jurisdiction in the court making the order complained of; (2) absence of the right of appeal; and (3) lack of any plain, speedy and adequate remedy other than the writ of certiorari (*State ex rel. Whiteside* v. *District Court,* 24 Mont. 539, 63 Pac. 395; *State ex rel. Davis* v. *District Court,* 29

Mont. 153, 74 Pac. 200), and, if a right of appeal exists, it need not be either speedy or adequate to bar the use of the writ. (*State ex rel. King* v. *District Court,* 24 Mont. 494, 62 Pac. 820.)

On the facts and under the law, therefore, the writ does not ▇ lie in the Frankfort estate matter, standing alone, and does not lie to correct jurisdictional error in the Armstrong estate matter, based on the appointment of Seifred as guardian, as no error has yet been committed therein. It is true that the court has assumed jurisdiction of the petition to revoke the probate of the will, but it has not passed upon the objection that the petitioner has not capacity to sue, nor issued, in that proceeding, any illegal judgment or final order; the proceeding is not one which "may be continued and completed" in this court, but can only be determined in the ▇ district court, where, we must presume, the court will rule correctly. However, even though the district court should rule against the executor, and that ruling should be "illegal," such a writ as this could not issue, as the aggrieved party would have the right of appeal. (Sec. 9731, Rev. Codes 1921.)

For the reasons stated the motion to quash must be sustained and the proceeding dismissed at the cost of the relator. Judgment will be entered accordingly.

Dismissed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, STEWART and ANDERSON concur.