STATE EX REL. REDLE, RELATOR, v. DISTRICT COURT ET AL., RESPONDENTS.

(No. 7,597.)

(Submitted June 16, 1936.   Decided June 29, 1936.)

[59 Pac. (2d) 58.]

*Mr. H. R. Boden,* for Relator, submitted a brief and argued the cause orally.

*Mr. Thomas N. Marlowe,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On June 9, 1936, upon the sworn statement of Joseph Redle, this court issued an order to the district court of Missoula county and Honorable Albert Besancon, one of the judges thereof, to show cause on June 16 why they should not be perpetually prohibited from proceeding further in cause No. 11960 in that court, wherein this relator was plaintiff and Mrs. Maud Creed was defendant. From the petition, exhibiting the judgment-roll in that cause, it appears that the relator commenced an action for debt against Mrs. Creed on November 18, 1931, and on that day the sheriff of Missoula county made return on the summons, showing service thereof and a copy of the complaint on the defendant. personally.

Nothing further was done in the action until May 17, 1935, when the plaintiff caused the default of the defendant to be entered, introduced evidence and secured a default judgment for the sum of $371. Execution was issued and the sheriff levied upon and advertised for sale certain real estate belonging to the defendant. On the day fixed the sheriff sold the property to the plaintiff for an amount equal to the judgment and all costs incurred, and returned the writ satisfied in full.

On October 7, 1935, the defendant gave notice of motion to set aside the default and permit her to answer, with her affidavit of merits. This motion came on for hearing on evidence tending to dispute the sheriff's return showing service, and thereupon the court entered its order vacating the judgment and the default and permitting defendant to file her answer.

On the record showing the foregoing facts we issued the order to show cause, which was duly served, and in response to it the respondents appeared by counsel and filed a motion to quash and a return to the writ. The return shows that, after the issuance of the order to show cause and before the

date for hearing thereon, there was recorded in Missoula county relator's certificate of sale showing that it was assigned on June 12, 1935, to relator's attorney, and a sheriff's deed to the property executed to the attorney on June 11, 1936. The return declares that "on that account an appropriate action in equity has been instituted   *   *   *   to set aside the judgment and sale, and which, when tried, will effectually and finally determine the rights of all parties interested in said controversy, and because thereof respondents have no intention to, and do not intend to, and specifically deny that they intend to proceed with a new trial in said cause No. 11960."

It would seem that, if the court and counsel for the defendant, Mrs. Creed, intended to abandon the original proceeding on account of the changed conditions recited, the order annulling the judgment, whether right or wrong, should have been recalled. The suit in equity to set aside a judgment which has no existence of record would seem to place all parties in a somewhat anomalous 'position, and it would seem that, for the benefit of all parties concerned, this court should not place the parties in the position in which they were at the time the order annulling the judgment was made, if it can be done in this proceeding.

The first assault upon the proceeding here is that the order attacked is a special order made after judgment, and, therefore, an appeal lies under section 9732, Revised Codes, as amended by Laws 1925, Chapter 39, section 1, barring relief by writ of prohibition. "A remedy by appeal does not necessarily defeat the right to relief by prohibition"; the application is made to the sound discretion of the court, and, where it appears that the respondent court could not render a valid judgment because of lack of jurisdiction, the writ should issue to end litigation and save needless expense. (*State ex rel. Examining and Trial Board* v. *Jackson*, 58 Mont. 90, 190 Pac. 295, 298.)

It is next urged that the writ should not issue because the application is by petition instead of on affidavit. It is true that the statute provides that the writ "is issued upon

affidavit on the application of the person beneficially interested." (Sec. 9862, Rev. Codes.) An "affidavit" is defined as "a written declaration under oath, made without notice to the adverse party." (Sec. 10632, Id.) Under this and similar statutory definitions, a verified petition is equivalent to, and can be used as, an affidavit in proceedings to be instituted on affidavit (2 C. J. 318; *State ex rel. Victor Boom Co.* v. *Peterson,* 29 Wash. 571, 70 Pac. 71 [habeas corpus]; *Golden Canal Co.* v. *Bright,* 8 Colo. 144, 6 Pac. 142 [mandate]; *State ex rel. Burton* v. *Missouri & Kansas Tel. Co.,* 77 Kan. 774, 95 Pac. 391 [injunction]; *Clark* v. *Herbert Booth etc. Publishing Co.,* 40 App. Div. 405, 57 N. Y. Supp. 975 [injunction]; *Loeb* v. *Smith,* 78 Ga. 504, 3 S. E. 458 [attachment]; *Scott* v. *Doneghy,* 17 B. Mon. (56 Ky.) 321 [attachment]; *Lawrey* v. *Sterling,* 41 Or. 519, 69 Pac. 460 [application for leave of court]; *Chancey* v. *Allison,* 48 Tex. Civ. App. 441, 107 S. W. 605), provided, of course, that the petition contains the necessary facts to move the court. (Same cases.)

It is asserted that the instant petition does not contain the ▌▌▌▌ sworn statement of the relator that he is the person beneficially interested; but the question of interest is to be determined from the recitals of fact regardless of the conclusions of the relator or affiant (*State ex rel. Examining and Trial Board* v. *Jackson,* supra), and from the petition before us it is apparent that the relator is the party to be benefited by the issuance of the writ requested; nor does the showing by return change his position in this regard. In spite of the fact that he has transferred the property sold and the judgment has been satisfied, if the order attacked is permitted to stand and the court proceeds with the original action, the relator must again prosecute the action without regard to the annulled judgment.

True, the respondents here now assure the court that they will not proceed further in the action, but will rely upon the suit in equity for a determination of the questions involved; but that assurance cannot bind the second judge of the district or Judge Besancon's successor should the litigation outlive his

jurisdiction. The rule announced in *State ex rel. Bonners Ferry Lumber Co.* v. *District Court,* 74 Mont. 338, 240 Pac. 388, does not apply to such a situation.

The question presented, therefore, has not become moot, and ▇ counsel's reference to the rule that prohibition will not lie after the judgment has been executed (50 C. J. 700) has no application here, as the threatened action is to proceed after setting aside the executed judgment. Where, as here, the act sought to be prohibited is not a full, complete and accomplished judicial act, the writ will lie and further proceedings may be prohibited and complete relief may be afforded by undoing what has been done (50 C. J. 662), to the extent of annulling all former orders and staying such further proceedings as may be necessary to make the remedy complete. (*State ex rel. Thompson* v. *District Court,* 57 Mont. 432, 188 Pac. 902.)

In the case at bar the judgment-roll showed personal service ▇▇ upon the defendant, her default and a default judgment entered which is valid on its face and on the record, the issuance of execution on the judgment and its return showing complete satisfaction of the judgment. "The matter had therefore passed beyond the jurisdiction of the court" at the time defendant moved to set aside her default. (*Green* v. *Wiederhold,* 56 Mont. 237, 181 Pac. 981, 983, citing *Foster* v. *Hauswirth,* 5 Mont. 566, 6 Pac. 19, and 2 Black on Judgments, sec. 1010.) On the showing made the court was without jurisdiction to pass upon the motion and should have denied it, leaving the defendant to her suit in equity to set aside the judgment and sale, if she could show that the judgment was void.

The proper action having now been taken, it is to the best interest of all parties concerned that the void order be recalled and the respondents prohibited from proceeding further in the original cause unless and until, acting within jurisdiction, the court shall declare the judgment void.

The writ of prohibition will issue, restraining the district court from proceeding further in the premises, with direction

to vacate and annul its order setting aside the default and voiding the judgment entered in cause No. 11960 of that court.

ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent, did not hear the argument and takes no part in the above decision.