STATE ex rel. LICHTE, Relatrix, *v.* DISTRICT COURT of FIFTH JUDICIAL DISTRICT et al., Respondents.

No. 8795.

Submitted January 2, 1948. Decided February 17, 1948.

189 Pac. (2d) 1004.

Mr. Frank E. Blair, of Virginia City, and Mr. Ralph J. Anderson, of Helena, for relatrix. Mr. Anderson argued the cause orally.

Mr. Horace S. Davis, of Billings, and Mr. Lyman H. Bennett, Jr., of Virginia City, for respondents. Mr. Davis and Mr. Bennett argued the cause orally.

MR. CHIEF JUSTICE ADAIR delivered the opinion of the court.

Original proceeding. Certiorari issued on the petition of relatrix commanding the district court of Madison county to certify to this court the transcript of its record and proceedings on the application of Don Branam made pursuant to sections 10686 to 10692, Revised Codes of Montana 1935, for an order to perpetuate the testimony of Esther H. Lichte, preparatory to the commencement of an action which the applicant represents he expects to bring in the district court of Madison county against said Esther H. Lichte individually and as the administrator of the estate of Clarence W. Lichte deceased.

On the return day the respondent court filed written motion to quash the writ and dismiss the proceeding and, without waiver thereof, made answer and return to the writ.

The application to the respondent court states: ''The petition of Don Branam, the applicant herein, respectfully states:

''1.   That your applicant, Don Branam, expects to be a party to an action in the district court for Madison County, Montana, to be brought by him as party plaintiff against one Esther H. Lichte, the administratrix of the estate of Clarence W. Lichte, sometimes C. W. Lichte, deceased, and Esther H. Lichte, individually, of Cameron, Madison County, Montana, as parties defendant, viz., as the adverse parties therein.

''2.   That heretofore, to wit, on June 23, 1947, your applicant, Don Branam, made and entered into a contract with the said Clarence W. Lichte or C. W. Lichte, in his lifetime, and the said Esther H. Lichte, then his wife and presently his widow, for the purchase by your applicant of certain real and personal property in Madison County, Montana, to wit., the Lichte ranch adjacent to Cameron in Madison County, Montana, together with the livestock, farming machinery, tools and equipment and other incidental chattels, for the price of $30,000, cash; and that in and by the contract aforesaid the said Clarence W. Lichte or C. W. Lichte and Esther H. Lichte, then and there husband and wife, promised to convey and set over to your applicant all and singular the real and personal property aforesaid for the said price of $30,000.00, cash, which your applicant here undertook and promised to pay, and of which in earnest of his said promise your applicant further then and there and on June 23, 1947, did pay the sum of $2,000.00 by his check in that amount to the order of the said C. W. Lichte drawn on Security Trust & Savings Bank, a banking establishment and corporation under the laws of the state of Montana, of Billings, Montana.

''3.   That subsequent to the making of the contract aforesaid and of the down payment by your applicant, as herein shown, and on June 27, 1947, the said Clarence W. Lichte or C. W.

Lichte died; and that forthwith thereupon then and ever thereafter the said Esther H. Lichte his widow and later the administratrix of his estate, in all things repudiated the contract aforesaid and refused performance of the terms and conditions thereof, and particularly to convey or transfer to your applicant, or otherwise in the premises, the real and personal property aforesaid, or any thereof, either upon the payment of the balance of the said purchase price in the sum of $28,000.00 or at all.

"4. That accordingly your applicant herein intends to bring an action against the said Esther H. Lichte, as an individual, and as the administratrix of the estate of the said Clarence W. or C. W. Lichte, deceased, on account of the breaches so done, suffered and committed in the contract aforesaid with your applicant, which is the identical action to which reference is first hereinbefore made.

"5. That upon the trial of the anticipated action aforesaid the breach or breaches on her part and on the part of the said Clarence W. Lichte, or C. W. Lichte, as herein shown, will be denied as such breaches are now one and all denied by the defendants therein, the said Esther H. Lichte individually and as administratrix aforesaid, all as your applicant is informed and verily believes; and that accordingly it will be material and relevant for your applicant to give in evidence in support of his case as the plaintiff in the action aforesaid (a) the actual and express assent of the said Clarence W. Lichte or C. W. Lichte and Esther H. Lichte, husband and wife, to the terms of the contract aforesaid and to the sale of the real and personal property herein mentioned as in such contract stipulated, and (b) the receipt, acceptance and retention by the said Clarence W. Lichte or C. W. Lichte and Esther H. Lichte, husband and wife, pursuant to the contract aforesaid of the check of your applicant for $2,000.00 by him given in part payment of the purchase price herein recited, and (c) the repudiation of the said contract, and the refusal to perform its terms and stipulations on her part and on the part of her intestate, by the said Esther H. Lichte, individually and as administratrix aforesaid,

done, committed and suffered, and (d) all and singular the acts done and omitted after the making of the contract aforesaid by the said Clarence W. Lichte or C. W. Lichte and the said Esther H. Lichte, his wife and presently his widow and the administratrix of his estate.

"6. That of one and all the facts aforesaid, the proof of which is as herein recited material for your applicant upon the trial of the action by him to be brought as herein recited, the said Esther H. Lichte, individually and administratrix as aforesaid, has personal knowledge and as well the present custody and possession of the check aforesaid of your applicant so by her had, held and retained either in her own right or in her capacity as the administratrix of the estate of her deceased husband, as your applicant is advised and believes, and therefore states the fact to be.

"7. That the said Esther H. Lichte, as an individual and as the administratrix of the estate of the said Clarence W. Lichte or C. W. Lichte, deceased, is now resident on the Lichte ranch aforesaid in Madison County, Montana, adjacent to Cameron, Montana, and is accordingly available for examination and perpetuation of her testimony in the premises.

"Wherefore your applicant prays an order to perpetuate the testimony of the said Esther H. Lichte, as an individual and the administratrix of the estate of Clarence W. Lichte, sometimes C. W. Lichte, deceased, pursuant to Sections 10686 to 10692, both inclusive, Revised Codes of Montana 1935, wherein there shall be designated the officer before whom the examination aforesaid must be taken, and wherein further the notice to be given shall be prescribed as well as the clerk of the court to whom the deposition must be returned, when taken, and all other appropriate directions in the matter, and that your applicant have herein such other and further relief as may be agreeable to law.

"Don Branam
"Applicant"

Upon the foregoing application the respondent court made the following order:

"Order for Examination to Perpetuate Testimony

"Upon the application of one Don Branam praying an order for the examination of one Esther H. Lichte, as an individual and as the administratrix of the estate of Clarence W. Lichte or C. W. Lichte, deceased, herein and the perpetuation of her testimony thereupon given; and it appearing that the case is one within Section 10687, Revised Codes of Montana 1935, and statutes supplementary thereto; and the requisite petition verified by the oath of the applicant herein being now produced, and otherwise good cause being made to appear in the premises.

"Now, Therefore, it is Ordered, that the examination of the said Esther H. Lichte, as an individual and as the administratrix of the estate of Clarence W. Lichte, deceased, a witness on the part of the applicant aforesaid, be had, and her testimony thereupon be perpetuated, as prayed.

"And it is Further Ordered, that the examination herein of the witness aforesaid be had, and her examination thereupon be taken, before and by one Paul H. Love, Clerk of the District Court, in and for the County of Madison, state of Montana, who is authorized by the law of Montana to administer oaths, at the office of said Clerk, in Virginia City, county of Madison and state of Montana, on Saturday, the 29th day of November, 1947, beginning at the hour of 1:00 o'clock in the afternoon of the said day, and continuing thereafter over recesses taken and adjournments had and from day to day as the notary public aforesaid may order or the parties in interest may stipulate, and until the examination herein and the deposition of the said witness is completed in the premises.

"And it is Further Ordered, that at least ten days' notice of the examination aforesaid and of the taking of the said deposition be given to Esther H. Lichte, as an individual and as the administratrix of the estate of Clarence W. Lichte or C. W. Lichte, deceased, the adverse parties in the petition of the applicant named; that the witness be put upon oath and her

examination be by question and answer, and that her deposition, when completed, must be carefully read to, and subscribed by, the witness, then certified by the notary public aforesaid taking the same, and thereupon sealed up and delivered or transmitted to the clerk of the district court of the Fifth Judicial District of the State of Montana in and for the county of Madison at Virginia City, Montana, who shall file the same when received.

"And it is Further Ordered, that this order be served upon the said Esther H. Lichte, as an individual and as the administratrix of the estate of Clarence W. Lichte or C. W. Lichte, deceased, by delivering to, and leaving with, her personally copies hereof and of the petition on which this order is made at least ten days before the day of the examination herein specified.

"And it is Further Ordered, that the notary public aforesaid before whom the examination herein is to be had, upon application therefor made, and after the service of this order and of the notice aforesaid, do issue a subpoena duces tecum in due form of law to the said witness commanding her appearance for examination and the taking of her deposition at the time and the place specified as herein recited and that she then and there have with her and produce the check to which the petition herein refers.

"Done and dated at Virginia City, Montana, this 18th day of November, 1947.

"Lyman H. Bennett
Judge"

The clerk of the respondent court caused to be issued a notice of examination to perpetuate testimony in said proceeding and also a subpoena duces tecum directed to relatrix and duly served upon her as an individual and as administratrix of said estate.

The subpoena duces tecum required and commanded the relatrix to appear and attend before a designated notary public at the office of the clerk of the district court of Madison county in Virginia City at 1 o'clock p. m. on November 29, 1947, to have her deposition taken and that she have with her and

produce upon her examination "the certain check drawn and signed by the said Don Branam, * * * given on June 23, 1947, or thereabouts, to the order of C. W. Lichte or Clarence W. Lichte, now deceased, payable in the sum of $2,000.00 and drawn upon Security Trust & Savings Bank, a banking establishment and corporation under the laws of the state of Montana, of Billings, Montana."

Attached to the petition of relatrix herein and made a part thereof are true copies of (a) application of Don Branam, Exhibit A (b) order of respondent court for examination of relatrix to perpetuate the testimony, Exhibit B (c) notice to relatrix of examination to perpetuate her testimony, Exhibit C, and (d) subpoena duces tecum directed to relatrix, Exhibit D.

The motion to quash the writ and dismiss the proceedings urges the insufficiency of the petition of relatrix to show that the respondent court acted in excess of jurisdiction in making its order for the examination of relatrix or that there is present an exigent case or that relatrix is without a plain, speedy and adequate remedy in the ordinary course of the law or that she is entitled to any relief herein.

In State ex rel. Pitcher v. District Court, 114 Mont. 128, 133 Pac. (2d) 350, the court directed attention to the fact that the California statute for the perpetuation of testimony is the same as the Montana statute and cited several California decisions. In Demaree v. Superior Court, 10 Cal. (2d) 99, 73 Pac. (2d) 605, 607, the court said: "From the allegations of the petition it appears that the petitioners have met the requirements of sections 2083-2086 of the Code of Civil Procedure. It definitely appears, from the allegations of the verified petition for the order for examination produced to the judge of the court, that the petitioners expect to be parties to an action, and give the names of the persons who, it is expected, will be adverse parties. It also definitely appears that the proof of facts is desired and necessary to establish matters which it may hereafter become material to establish. The name of the witness to be examined and a general outline of the facts expected to be proved also

appear. The application, considered also as an application for a subpoena duces tecum, sufficiently specifies 'the exact matters or things desired to be produced;' and sets forth in sufficient detail the materiality thereof to the issues involved in the case, and sufficiently shows that the witness * * * had the insurance policy in his possession or under his control. * * *''

The application of Don Branam complies with the statutory requirements as heretofore construed by this court and upon the record before us the respondent court was warranted in making its order for the examination of relatrix and for the perpetuation of her testimony.

Procedure. There are three indispensable requisites to the granting by this court of the writ of certiorari, namely: (1) Excess of jurisdiction in the court making the order complained of; (2) absence of the right of appeal; (3) lack of any plain, speedy and adequate remedy other than the writ of certiorari. State ex rel. Johnston v. District Court of Silver Bow County, 93 Mont. 439, 19 Pac. (2d) 220.

The order of the respondent district court in this proceeding was made by said court without notice to the relatrix, she being the adverse party, and it would seem that before making application to this court for a writ of certiorari she should have first exhausted the remedies available to her in the court below and this she did not do.

Section 9776, Revised Codes of Montana 1935, provides: ''An order made out of court, without notice to the adverse party, may be vacated or modified, without notice, by the judge who made it; or it may be vacated or modified on notice, in the manner in which other motions are made.''

Thus before complaining to this court that the respondent district court's order is in excess of jurisdiction she should have called such matter to the attention of the district court by making application to said court that the order be vacated as is provided in section 9776, Revised Codes, and it will be the policy of this court in the future to require that application be first made to the district court for relief in similar cases

before seeking relief in this court for, until the remedies available by complying with the provisions of section 9776 have been exhausted, the applicant is in no position to allege that there is a lack of any plain, speedy and adequate remedy other than the writ of certiorari.

The motion to quash the writ is sustained and the proceeding in this court dismissed.

Associate Justices Choate, Gibson and Metcalf, concur.

Mr. Justice Angstman (concurring in result).

I concur in the result reached in the foregoing opinion but I think instead of referring to the Pitcher case (State ex rel. Pitcher v. District Court, 114 Mont. 128, 133 Pac. (2d) 350), with apparent approval, it should be expressly overruled. My reasons for this conclusion are more particularly set out in my special opinion in State ex rel. Woodard v. District Court, 120 Mont. 585, 189 Pac. (2d) 998, and need not be repeated here.